## NEW YORK SUPERIOR COURT.

### SCHIEB agt. BALDWIN.

In an action where an *attachment* is issued, the entry of *judgment* in the suit supersedes the attachment, which becomes of no force, and the property of the defendant cannot be seized under it.

Consequently, where the sheriff, after the entry of judgment, but still holding the attachment, applies to a person alleged to have property of the judgment debtor for a certificate as required by § 236 of the Code, by virtue of the *attachment*, such person is not bound to give the certificate, or in default thereof to be examined before a judge.

But where the sheriff makes such application by virtue of an *execution* issued upon the judgment, the individual is required to give the certificate or answer upon an order for examination.

And the sheriff is bound, in case of such application by virtue of an attachment before judgment, or of an execution after judgment, to *disclose* the attachment or execution against the defendant.

Schieb agt. Baldwin.

*Special Term, January,* 1862.

Mr. Townsend, *for plaintiff.*
Mr. Seward, *for Mr. Downing the alleged debtor of the defendant.*

Monell, Justice. The action was commenced March 1st, 1860, and an attachment issued against the property of the defendant. Nothing appears to have been done under the attachment, and in December of the same year judgment in the action was entered against the defendant. After entry of judgment the sheriff, still holding the attachment, applied to Gerge R. Downing, Jr., (who, it is alleged, has property of the judgment debtor,) under section 236 of the Code, for a certificate of such property. Downing having refused to give the certificate, an order was made by a justice of this court, requiring him to appear and be examined on oath concerning such property. It is now objected that, judgment having been entered, the attachment is no longer in force, and the property of the defendant cannot be seized under it. I am clearly of the opinion that the objection is well taken. The office of an attachment is to seize under it the property of the defendant " as a security for the satisfaction of such judgment as the plaintiff may recover." (*Code*, § 237.) Until judgment is obtained, it is lawful for the sheriff to levy upon or attach any property or rights in action of the defendant in his county. When judgment is entered, " the sheriff shall satisfy the same out of the property attached by him, if it shall be sufficient for that purpose" ; 1st, by applying the sales of perishable property, or of debts collected ; and 2d, if any balance remain due, and an execution shall have been issued, he shall proceed to sell *under such execution* so much of the attached property as shall be sufficient to satisfy such balance, &c. (*Code*, § 237, *subs.* 1 *and* 2.) By another provision of the Code, § 240,) the defendant may, after appearance, procure the *discharge of the attachment* by giving an undertaking

to pay the plaintiff the amount of the "*judgment* that may be recovered against the defendant." An attachment is denominated in the Code as a " provisional remedy," and is embraced within the class of provisional remedies such as " arrest and bail," " injunction," &c. All of which lose their power and efficacy with the judgment. The defendant must be arrested under an order of arrest, before judgment, or not at all, and a new injunction must be contained in the judgment. The ample provision made by the Code to reach intangible property of a judgment debtor, by a proceeding supplemental to the execution, furnished another reason why the legislature could not have intended to extend the vitality of an attachment beyond the entering of judgment. The remedies are not concurrent, but succeed each other; the attachment holds the property for the execution. I cannot entertain a doubt that the attachment is spent and becomes powerless the instant the judgment is entered.

The counsel who argued this case before me, having admitted at the close of the argument, that at the time the sheriff applied to Downing for the certificate of the defendant's property, he held an execution issued upon the judgment, I am asked to decide whether under this new fact the plaintiff is entitled to the examination of the witness Downing. It does not appear whether the execution remains in the sheriff's hands, or has been returned by him. But that is immaterial; the provision of the Code under which the application was made by the sheriff, declared that " whenever the sheriff shall, with a warrant of attachment or *execution* against the defendant, apply to such officer, debtor or individual, for the purpose of attaching or levying upon such property," &c., such officer, &c. shall furnish him with a certificate; and if he refuse, he may be required to attend and be examined, &c.

It was necessary, in my opinion, for the sheriff to disclose to Downing that he had an attachment or an execu-

tion against the defendant Baldwin, before he could require the certificate ; and without such disclosure, Downing was justified in refusing to give it. Hence, inasmuch as the sheriff demanded the certificate under and only in virtue of the attachment, Downing cannot be considered as in *quasi* contempt for refusing. The fact, however, being now admitted, that the sheriff had an execution in his hands at the time, I shall order that, unless Downing, on application of the sheriff, furnish the certificate required by the 236th section of the Code, he appear before one of the justices of this court on the 20th day of January instant, at ten o'clock A. M., and be examined concerning such property as he may have, belonging or due to the defendant.