William B. Hayden et al., as Survivors, etc., et al., Appellants, *v.* The National Bank of the State of New York, Respondent.

Where property is sought to be attached under and in pursuance of the provisions of the Code of Civil Procedure (§ 649, subd. 3), declaring that property not capable of manual delivery may be attached by leaving with the person holding it, or if it consists of a demand other than a bond, promissory note, or other instrument for the payment of money, with the person against whom it exists, a certified copy of the warrant, with a notice showing the property attached, such person must look to the notice to ascertain what property is attached and base his action thereon.

It is of no consequence what knowledge the person may have as to the particular property intended to be attached, unless such knowledge is derived from the notice, and unless there is a substantial compliance with the statute, title to the property is not divested and the holder thereof remains liable to the owner.

In an action brought by plaintiffs to recover an amount due a firm upon a deposit account with defendant's bank, which plaintiffs claimed to have attached in an action against said firm; the sheriff, in attempting to levy, delivered to defendant's cashier a copy of the warrant; this showed that the action was against the firm. Upon it was indorsed a notice that by it the sheriff was commanded to attach all the property of L., one of the firm, within his county, and that by virtue thereof he attached any moneys due or belonging to L., or any of his property in its possession. *Held*, that the notice was insufficient to attach, and could not be made the foundation of a proceeding to divest the title of the firm to, any funds on deposit with defendant; that defendant could only look to the notice to ascertain the property levied on and was not bound to read the warrant with it; also, that the notice was insufficient to attach the interest of the partner named in

the deposit, as it did not specify such an interest, and as the complaint in the attachment suit did not seek to recover on such ground.
*Greentree* v. *Rosenstock* (61 N. Y. 583), explained and criticised.

(Argued October 15, 1891; decided December 1, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made November 7, 1889, which affirmed a judgment in favor of defendant entered upon an order dismissing the complaint on trial at Circuit.

The plaintiffs Hayden and Allen were creditors of the firm of G. H. Loker & Brother, residents of and doing business at St. Louis, Mo., and on the 9th day of October, 1878, commenced an action against said firm and obtained therein an attachment against their property, which attachment was on the following day delivered to the plaintiff Reilly, then the sheriff of the city of New York. The Christian names of the members of said firm were unknown to the plaintiffs, and in the summons and writ of attachment they were described as G. H. Loker and ——— Loker.

The writ of attachment was in the usual form and commanded the sheriff to attach so much of the property which the said G. H. Loker and ——— Loker had within his county as would satisfy the plaintiffs' demand.

The said firm had an account with defendant under the name of G. H. Loker & Bro., and on the tenth day of October, the sheriff attempted to serve said attachment upon the defendant by delivering to its cashier a certified copy of the warrant upon which was indorsed a notice to the effect that by it the sheriff was commanded to attach all the property of the defendant G. H. Loker within his county, and that having been informed that the said bank had in its possession certain moneys belonging to said defendant and was indebted to him, he particularly attached and required to be delivered and paid over to him the said money and any property of said defendant in possession or under control of said bank. Having read over the attachment and notice, the cashier informed the sheriff

that they had no account against G. H. Loker and blank Loker, but that they had an account against G. H. Loker & Bro., and that they would send a certificate to the sheriff that afternoon. At that time the bank was indebted to G. H. Loker & Bro. in a sum upwards of $2,000, and this amount was subsequently applied by the bank to the payment of a note upon which said Loker & Bro. were liable, and which matured on October twelfth.

This action was brought to recover the amount of the bank's indebtedness to Loker & Bro.

After proof of the foregoing facts, the trial court dismissed the complaint.

*George A. Strong* for appellants. Subdivision 3 of section 649 of the Code of Civil Procedure does not establish the invalidity of appellant's claim. (*People* v. *A. R. R. Co.*, 125 N. Y. 516; *People ex rel.* v. *Gilon*, 126 id. 155.) The sufficiency of the notice depended upon the general principles of the law of notices. (1 Story's Eq. Juris. § 400; *Ellis* v. *Horrman*, 90 N. Y. 473; *O'Brien* v. *M., etc., Co.*, 56 id. 57; *Gates* v. *Beecher*, 60 id. 527; *Douglass* v. *Howland*, 24 Wend. 41; *Arthur* v. *Morgan*, 112 U. S. 501; *W., etc., Co.* v. *Clinton*, 66 N. Y. 331; *Hinneman* v. *Rosenbuck*, 39 id. 101; *Merriam* v. *U. S.*, 107 U. S. 437; *Cragin* v. *Lovell*, 88 N. Y. 262; *Hamilton* v. *Taylor*, 18 id. 360.) The notice and levy were good, because the bank, as appears from the evidence, actually understood exactly what was really meant by the notice. (*Hodges* v. *Shuler*, 22 N. Y. 119; *Gates* v. *Bucher*, 60 id. 527.) The authorities involving attachments, so far as they go, sustain this appeal. (*O'Brien* v. *M., etc., Co.*, 56 N. Y. 54; *People ex rel.* v. *Post*, 50 Hun, 247; *Wehle* v. *Connor*, 69 N. Y. 546.)

*Joseph Larocque* for respondent. The remedy by attachment is a purely statutory remedy, and to obtain the benefit of that remedy the provisions of the statute must be strictly followed. (Code Civ. Pro. § 649, subd. 3; *Kelly* v. *Roberts*, 40

N. Y. 432; *Clarke* v. *Goodridge*, 41 id. 210; *O'Brien* v. *M. & T. F. I. Co.*, 56 id. 52; *Greentree* v. *Rosenstock*, 61 id. 583.) Under the warrant in evidence the appellants had the right to levy on any joint property of the two defendants named in the warrant, or on individual property of either. They elected, through the sheriff, by the notice prescribed by the statute served with the copy warrant, to limit their levy to individual property of one defendant, G. H. Loker, and so notified the respondent, and by that election they are bound. (*O'Brien* v. *M., etc., I. Co.*, 56 N. Y. 56.)

BROWN, J. The right of the plaintiffs to recover in this action depended upon the question whether the proceedings taken by them against the firm of G. H. Loker & Brother were effectual to attach the funds of that firm on deposit with the defendant. When the defendants in an action are non-residents of the state, as in the present case, they may have no actual notice of an attachment proceeding and their property is taken without an opportunity for them to be heard. Under such circumstances it would seem that there could be no question but that the attaching creditor should substantially comply with the statute regulating such proceedings. It can be of no consequence what knowledge the holder of the attached property may have as to the particular property intended to be attached, unless such knowledge is derived from the notice required by the statute to be served upon him, and unless there is a substantial compliance with the statute title to the property is not divested and the holder thereof remains liable to the owner.

The Code provides in section 649, sub. 3, that property not capable of manual delivery may be attached by leaving with the person holding the same or, if it consists of a demand other than a bond, promissory note or other instrument for the payment of money, with the person against whom it exists, a certified copy of the warrant of attachment and a notice showing the property attached.

The sheriff in this case left with the bank a certified copy of the warrant and a notice specifying that the property

attached was money or other property in possession of the bank belonging to the defendant G. H. Loker. This notice was plainly insufficient to attach money due G. H. Loker & Brother and could not be made the foundation for a proceeding to divest the title of the firm to any funds on deposit with the bank. And had the bank paid over to the sheriff under that notice the amount of the firm's deposit, it could not be held thereby to have discharged its indebtedness, but would still have remained liable therefor to the firm. The claim that the notice was effectual to attach the interest of G. H. Loker in the deposit cannot prevail, as it did not specify such an interest, and the complaint did not seek to recover upon such ground.

The plaintiffs ask a reversal on the ground that the warrant and notice were to be read together, and that so taken they informed the bank that the plaintiffs' claim was against the firm, and hence it must be held that they knew that it was the firm property that it was intended to attach. We may assume such to be the fact. But the statute requires the service of both the warrant and the notice, and it is to the latter that the holder of the property must look to ascertain what property is attached, and upon that paper he must base his action. If the proceedings are regular and the court has jurisdiction to grant the warrant, he may discharge his indebtedness to his creditor by paying over or delivering the property specified in the notice to the officer executing the writ in the attachment suit, but if he pays or delivers property not specified in the notice, then the proceedings afford him no protection, and his indebtedness to his creditor is not discharged.

In view of the plain provision of the Code, the cases relating to the sufficiency of a notice to charge an indorser of a promissory note are not applicable here.

The holder of the attached property must derive his knowledge of the object in serving him from the notice, and knowledge or information received from other sources is of no importance.

This view has some support in the case of *Greentree* v. *Rosenstock*, 61 N. Y. 583. That case involved the question whether a notice served on the defendant to the effect that all credits of Strauss, Hartman & Hofflin in defendant's possession were attached, and under which the defendant paid to the sheriff moneys in his hands belonging to Hofflin individually was sufficient to discharge his indebtedness to Hofflin. The Commission of Appeals held that it was not.

The appellant criticizes that case on the ground that it conflicts with *O'Brien* v. *Merch. & Traders' F. Ins. Co.* (56 N. Y. 52). To the extent of holding that a notice to be good must specify the particular property intended to be attached, and that a notice in general terms was insufficient, the case is subject to the criticism made against it, and the court apparently overlooked the case referred to. But not so in reference to the point now under discussion. In addition to what was said on the subject of notice couched in general terms, the court said : " The sheriff referred to the subject of the attachment as though it were the property of the firm of which Hofflin was a member, instead of the property of Hofflin himself. * * * The notice was plainly insufficient, and the defendant was under no obligation to give heed to it."

Here the sheriff referred to the subject of the attachment as the individual property of G. H. Loker, and not to the property of the firm. He might have made his notice in general terms, so as to include the property of the firm and of either member thereof, but having limited it to the property of one member, it was insufficient to reach the deposit due to the firm, and the defendant was justified in giving no attention to it.

The judgment should be affirmed, with costs.

All concur, except POTTER, J., dissenting.

Judgment affirmed.