(14 Misc. Rep. 386.)

COURTNEY et al. v. EIGHTH WARD BANK OF BROOKLYN.

(City Court of Brooklyn, General Term.  November 25, 1895.)

ATTACHMENT—SERVICE—DELIVERY OF CERTIFIED COPY.

    A sheriff who leaves with the person holding the property a copy of a warrant of attachment, with the title of the action and the words, "A copy," "Warrant of Attachment," indorsed thereon, and containing a notice of the property attached, complies with Code Civ. Proc. § 649, subd. 3, providing that property may be attached by leaving "a certified copy" of the warrant, and a notice of the property attached, with the person in possession.

Appeal from trial term.

Action by John Courtney, as sheriff, and another against the Eighth Ward Bank of Brooklyn.    There was a judgment in favor of defendant, and plaintiffs appeal.    Reversed.

Argued before CLEMENT, C. J., and VAN WYCK and OSBORNE, JJ.

Parsons, Shepard & Ogden, for appellants.
Tunis G. Bergen, for respondent.

VAN WYCK, J. Sheriff Courtney claims to have levied an attachment granted by Justice Vann, of the supreme court, in the action of Edward F. Rice against the Cowles Engineering Company upon the credit of the latter for $1,485.46 in the defendant bank. Judgment was rendered in favor of the defendant, and from that this appeal is taken.

The Code of Civil Procedure (section 649, subd. 3) provides that property incapable of manual delivery may be attached "by leaving a certified copy of the warrant, and a notice showing the property attached, with the person holding the same," and section 650 provides that such person must furnish the sheriff a certificate specifying the property so held. On August 26, 1893, the sheriff left with the defendant a copy of such warrant of attachment, with the title of the action and the words, "A copy," "Warrant of Attachment," indorsed thereon, and also with the following indorsement thereon, duly signed, viz.:

"To Eighth Ward Bank: You are hereby notified that the deposit of the Cowles Engineering Co. in your bank and the indebtedness owing it by your bank is hereby attached by virtue of the annexed warrant. Dated Aug. 26, '93. John Courtney, Sheriff. Wm. J. Cunningham, Deputy." Plaintiffs' Exhibit 1, p. 39.

The defendant failing to furnish a certificate of indebtedness, in accordance with section 650, the sheriff, by letter of September 9th, reminds the defendant that, on August 26, 1893, he served on it this copy of attachment, and requests it to furnish such certificate (Defendant's Exhibit B, p. 49), which the defendant does on September 12th (Plaintiffs' Exhibit 2, p. 41).

The referee herein decided that this levy on August 26, 1893, was fatally defective, in that the copy of the warrant of attachment left with the defendant was not a certified copy. If he was in error in this respect, then the judgment herein must be reversed. The original warrant of attachment is always delivered to the sheriff. Therefore, it is a certification by him that is called for. Crocker, Sher. (3d Ed.) p. 642, forms Nos. 140 and 141; Hayden v. Bank, 130 N. Y. 146, 29 N. E. 143. Furthermore, the courts have favored a liberal rather than a strict construction of, and a substantial rather than a technically exact compliance with, the provisions of section 649 of the Code of Civil Procedure. Hayden v. Bank, 130 N. Y. 146, 29 N. E. 143; Warner v. Bank, 115 N. Y. 251, 22 N. E. 172; O'Brien v. Insurance Co., 56 N. Y. 52; Adams v. Speelman, 39 Hun, 35. To certify "is to testify in writing." And. Law Dict. The plain object of this provision is to furnish the holder of such property a written declaration of the official custodian of the warrant of attachment, under his hand, that the paper left with him is a copy. The sheriff did leave with defendant a copy of such warrant, with the indorsement thereon, "A copy," "Warrant of Attachment," and did inform defendant in writing, under his hand, that he attached the Cowles Engineering Company's deposit by virtue of the annexed

warrant of attachment, the paper so served. We think the sheriff has substantially complied with this provision.

Judgment must be reversed, and new trial ordered, with costs to abide the event. All concur.