### ARKENBURGH v. ARKENBURGH.

(Supreme Court, Appellate Division, First Department. February 19, 1897.)

1. APPEAL—ORDERS REVIEWABLE.

     On appeal by defendant from an order denying a motion to set aside an execution, he cannot have reviewed previous orders denying motions to set aside the judgment, separate appeals from which were taken and are pending; since, under Code Civ. Proc. § 1301, the right on an appeal from one determination to review another not necessarily dependent on it is confined to an appeal from a final judgment or a final order in special proceedings.

2. SAME—REVIEW OF FACTS.

     On appeal by defendant from an order denying a motion to set aside an execution issued on a judgment against him in an attachment suit in which the court had jurisdiction, he cannot question the sufficiency of the proof before the referee on which the court acted in directing judgment, when he did not appear, and had no standing except to be present on the execution of the reference.

Appeal from special term, New York county.

Action by Oliver M. Arkenburgh against Robert H. Arkenburgh. From an order denying a motion to set aside an execution issued on a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

C. E. Souther, for appellant.
Robert F. Little, for respondent.

RUMSEY, J. By this appeal the defendant seeks to set aside an execution issued upon an existing judgment, although the execution itself, so far as appears, is entirely valid. He seeks also, upon the appeal from the order denying the motion, to set aside the execution to review two other orders long before made, denying motions to set aside the judgment, although it seems separate appeals have been taken from those orders, and are now pending in this court. As to so much of his appeal it clearly cannot be maintained. The right upon an appeal from one determination to review another determination not necessarily dependent upon it is confined exclusively to an appeal taken from a final judgment and from a final order in special proceedings. Code Civ. Proc. § 1301. Therefore, so much of his appeal as attempts to review the orders of the court below denying

the motion to set aside this judgment cannot be considered here. But, nevertheless, we are bound to consider the proceedings upon which the judgment was entered so far as to enable us to ascertain whether there was jurisdiction in the court to enter them; for if there was no jurisdiction, and the judgments are void, then they are no judgments, and there was no right to issue an execution upon them.

In the examination of that question, we start, in the first instance, with the fact established that the order of publication in this action was properly made, because that had been determined by every court to which an appeal could be taken. Arkenburgh v. Arkenburgh, 148 N. Y. 756, 43 N. E. 985. There is no complaint on the part of the defendant that there was any defect in the service of the summons, and that service seems to have been sufficiently proved by the papers filed with the judgment roll. It is not disputed that an attachment was granted, and the papers show that it was properly levied. The court therefore acquired full jurisdiction in the case. The only ground, then, upon which the defendant can stand, is that there were some irregularities in the proceedings taken before the court for the entry of judgment, after the court had acquired jurisdiction by the service of the summons pursuant to the order of publication. If there was any irregularity subsequent to that time in the giving of notice in the proceedings to enter judgment, such an irregularity is not jurisdictional in its nature, and the judgment, although it might be liable to be set aside, would not be void, and, until it was set aside, an execution issued upon it would be perfectly good. But there was no irregularity in the proceedings. There was no general appearance of the defendant in the action. Although it seems that he has become a resident of this state since the summons was served, he has carefully avoided any such appearance in the action as would give the court full jurisdiction of his person. The only thing that he caused to be done was to demand notice of the execution of any reference or writ of inquiry which might be granted upon any writ or application. This was not a general appearance, and did not entitle him generally to notice of the proceedings in the action. All that it entitled him to was five days' notice of the time and place of the execution of the reference. Code Civ. Proc. § 1219, subd. 2. This he had, and not only did he have it, but he appeared upon the execution of that reference. He was not entitled to any notice of the application to the court for the appointment of a referee, or the application to confirm the report of the referee after it had been made. The appearance which he made in the case was limited. It was made for a special purpose, and it gave him only just such rights as the Code said he was entitled to, and, if he secured those rights, he must be contented. If he desired any further notice, he could only become entitled to it by appearing generally in the action, which he did not see fit to do. The papers required by section 1217 of the Code of Civil Procedure appear to have been in the judgment roll, and the printed case contains each one of them in precisely the form directed by the statute.

The effort on the part of the defendant here to attack upon this motion the sufficiency of the proof which was given before the ref-

eree, and upon which the court acted in directing the judgment against the defendant, is of no avail. When he failed to appear and answer in the case, he was not in a situation to deny any of the facts alleged in the complaint; and, if proof taken before the court or referee was sufficient in any aspect of the case to satisfy a judge that a cause of action existed, it is enough, and the defendant, who has no standing except to be present upon the execution of the reference, cannot be heard to complain. He cannot, upon such a limited appearance as he chose to make, litigate the question whether a cause of action against him exists.

Upon a careful examination of the case, we are of the opinion that not only was this judgment perfectly valid, but that there was no irregularity whatever in the steps that were taken leading up to it, and that it is entirely good. The execution, therefore, had a valid judgment behind it, and no ground appears for setting it aside. The order denying the motion to set it aside must be affirmed, with $10 costs and disbursements. All concur.

