THE EDISON ELECTRIC ILLUMINATING COMPANY of New York, Plaintiff, *v.* THE GUASTAVINO FIRE PROOF CONSTRUCTION COMPANY and Others, Defendants; GUSTAVUS ISAACS, Appellant, RARITAN HOLLOW AND POROUS BRICK COMPANY and Others, Respondents. No. 1.

*An attachment may be levied upon the value of work done by a contractor, although the architect has not certified to it — the architect's certificate is waived by the payment of the money into court — the amount due the contractor where he abandons and the owner completes the work — interest.*

Where a construction company agrees with an electric light company to do certain work upon the latter's building for "the sum of thirty-five cents for each and every square foot of plain tile arches erected three courses in thickness," the work to be paid for only upon an architect's certificate, a creditor of the construction company may seize and hold, upon an attachment levied upon the funds due the construction company from the electric light company, not only the amount and value of the work certified to by the architect and then unpaid, but also the value of subsequent work done by the construction company after the architect had made his certificate, and before the day when the attachment was levied.

The electric light company, by coming into court and alleging that it owed to the construction company a certain amount, and offering to pay that amount into court, waives the benefit of the provision in the contract which requires the certificate of the architect before it shall be obliged to make any payment to the construction company.

Where a construction company abandons the work, and the owner, by the terms of the contract, is authorized to and does complete the contract, the balance due by the owner to the construction company is the difference between the contract price which the construction company was to receive for the work done after it had abandoned the work, and the amount that it cost the owner to do such work.

The attachment creditor is entitled to interest on his demand.

BARRETT, J., dissented.

APPEAL by the defendant Gustavus Isaacs from so much of a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 10th day of March, 1896, upon a decision of the Court of Common Pleas for the city and county of New York, rendered after a trial at an Equity Term thereof, as adjudges that the said defendant Gustavus Isaacs, by reason of his attachment, issued and served as in said judgment stated, obtained a lien upon the funds in the hands of the plaintiff only to the extent of $2,000. The said defendant also further appeals from those parts of the said judgment which adjudged that the defendant the Raritan Hollow and Porous Brick Company acquired any valid lien against the premises mentioned in the complaint for the sum of $2,624.67, and that the defendant James Brand acquired any valid lien against the premises described in the complaint for the sum of $823.50, and that the defendant John P. Kane Company acquired another lien against the premises mentioned in the complaint for the sum of $350, and that Percy Jackson, as assignee for the benefit of creditors of the Guastavino Fire Proof Construction Company, by virtue of the general assignment referred to in said judgment for the benefit of creditors, is entitled to any balance of said moneys remaining after all payments herein referred to, and also from so much of the said judgment as awards costs to the defendants the Raritan Hollow and Porous Brick Company, James Brand, John P. Kane Company and Percy Jackson, as assignee for the benefit of creditors of the Guastavino Fire Proof Construction Company, and also from so much of said judgment as limits the said Gustavus Isaacs to only $2,000 of the moneys directed to be paid by the plaintiff, and also from so much of said judgment as directs the payments therein specified to each and all of the other defendants therein of the amounts therein specified to them respectively.

*Joseph Fettretch,* for the appellant.

*Frank M. Avery, Percy Jackson* and *Edward Russell,* for the respondents.

*C. R. Waterbury,* for the plaintiff.

INGRAHAM, J. :

This is an appeal by the defendant Isaacs from so much of the judgment entered upon a trial before the court, at Special Term, as

limits the right of the said Isaacs to a recovery of $2,000 by virtue of his attachment, and distributes the balance of the amount due from the plaintiff corporation to the construction company among subsequent lienors. The nature of the action and of the judgment entered are stated in the opinion upon the appeal by the plaintiff from this judgment, decided herewith; and the question presented upon this appeal is, whether the lien of the attachment is limited by the amount due to the defendant in the attachment suit at the time of the service of the warrant of attachment, or whether such lien extends to an amount which subsequently became due under a contract for work and labor done and materials furnished subsequent to the service of the warrant of attachment. The defendant, the construction company, had a contract with the plaintiff, by which it was doing certain work upon a building of the plaintiff in the city of New York, and for which it was to be paid " the sum of thirty-five cents for each and every square foot of plain tile arches erected three courses in thickness." The defendant Isaacs procured an attachment against the construction company, which attachment was granted, and was served upon the plaintiff on the 1st day of February, 1894. At that time there was due to the construction company from the plaintiff the sum of $2,742.57. That is the amount sworn to by the architect. According to the certificate issued by the architect prior to the first day of February, it would seem that the sum of $2,000 was due under the contract for work actually done and materials furnished prior to the date of the certificate; and, in addition to the amount certified by the architect, work had been performed under the contracts for which the construction company would have been entitled to receive $742.57, making due on February 1, 1894, to the construction company the sum of $2,742.57, and there seems to be no doubt but that the defendant Isaacs was entitled to be paid that sum in priority to the lienors who filed their liens subsequent to the service of this attachment. The only question of doubt would seem to be as to the amount representing the work done by the construction company between the time that the architect gave his certificate and the abandonment of the work by the construction company. Under the contract, the construction company was to be paid so much for each square foot of plain tile arches erected. It is true that before that became payable by the

plaintiff the construction company was bound to present the certificate of the architect. The amount, however, for the work done was earned by the construction company upon the completion of each square. foot of tile arches erected; and the provision as to payment was a provision inserted for the benefit of the plaintiff, so that it could not be compelled to pay until it had been determined by the chosen arbiter of the parties that the work had been completed according to the contract. Here, however, the plaintiff, for whose benefit this provision was inserted in the contract, comes into court alleging the amount that it owed to the construction company at the time the contract was abandoned. It thereby waives this provision requiring the certificate of the architect before it should pay, by alleging that the amount is due, and offering to pay it into court. By this allegation, and waiving the postponement of the payment of the amount due to the construction company until the certificate of the architect is presented to the plaintiff, and having called the architect himself as a witness who was to determine that question, and from whose evidence it appears that this amount of $2,742.57 was actually due at the time of the abandonment by the construction company of the work under the contract, it would seem that, as between the defendants, that sum must be said to be the sum then due by the plaintiff to the construction company, and it follows that that sum was levied upon by the service of the attachment.

By section 648 of the Code it is provided that the attachment may also be levied upon a cause of action arising upon a contract which belongs to the defendant, and is within the county. " The levy of the attachment thereupon is deemed a levy upon, and a seizure and attachment of, the debt represented thereby." By section 649 of the Code a levy under a warrant of attachment must be made when upon personal property, other than that capable of manual delivery, " by leaving a certified copy of the warrant, and a notice showing the property attached, with the person holding the same, or if it consists of a demand, other than as specified in the last subdivision (*i. e.*, the 2d subdivision), with the person against whom it exists," and by section 644 it is provided that the sheriff, to whom a warrant of attachment is delivered, may levy,

from time to time, and as often as is necessary, until the amount for which it was issued has been secured, or final judgment has been rendered in the action.    By the levy upon this demand existing in favor of the construction company, by service of the notice upon the plaintiff, a specific lien was granted upon the debt which existed in favor of the construction company at the time of the levy. This debt was evidently the amount that the plaintiff owed to the construction company at the time of the service of the attachment. By the express provision of section 648, before cited, a levy of an attachment thereupon (viz., upon service of notice) is deemed a levy upon, and a seizure and attachment of, the debt represented thereby. It is the debt that exists at the time of the service of the notice that is seized and levied upon.    The fact that the debt is not payable at the time of the levy would not interfere with its being seized and levied upon by the sheriff upon the service of the warrant of attachment, but it can only be a debt that exists at the time of the levy, and it seems quite clear that this debt, which then existed, was only the debt for work done or for materials furnished under the contract prior to the time of the levy of the attachment on February 1, 1894.

It is well settled that it is only the debt or demand specified in the notice served by the sheriff upon the debtor that is seized and attached by the sheriff.    (See *Hayden* v. *National Bank*, 130 N. Y. 150, where it is said :.  " But the statute requires the service of both the warrant and the notice, and it is to the latter that the holder of the property must look to ascertain what property is attached, and upon that paper he must base his action.")    The record states that it is admitted that the warrant of attachment was served on the plaintiff on the 1st day of February, 1894, with the notice indorsed thereon as required by the Code of Civil Procedure. The notice indorsed thereon is not stated in the record, but it certainly could not have related to a demand for work to be done, or for materials to be furnished after the notice was served ; and if it had contained such a notice, it would have been insufficient as unauthorized by section 648 of the Code, as no debt for such work to be performed or materials to be furnished at that time existed in favor of the construction company.

The evidence shows that on February 7, 1894, the construction company abandoned the contract.    The work was then, under the

terms of the contract, continued by the plaintiff, who completed the contract, and the balance of the money found due by the plaintiff to the construction company is the difference between the contract price which the construction company was to receive for the work done after it abandoned the work, and the amount that it cost the plaintiff to do such work. It seems to be quite clear that this amount was not a debt due by the plaintiff to the construction company on the first day of February. It only became due after the plaintiff had completed the work on behalf of the construction company. The amount of the indebtedness of the plaintiff to the construction company on this account depended upon the amount that it cost the plaintiff to complete the work. When the construction company had abandoned the work on the 7th day of February, 1894, all that, upon any possible construction of the contract, was due, was the amount for the work it had done at the contract price, less the amount paid for such work by the plaintiff. That amount seems to be $2,742.57 ; and that amount, we think, was attached by the service of the warrant of attachment, and should be paid to Isaacs. The balance, however, which became a debt due to the construction company only upon the completion of the contract, was not seized and levied upon by the sheriff upon the service of the attachment on February first, and there is no evidence that any other levy was made under the attachment at any subsequent time.

The judgment must, therefore, be modified by directing that the amount payable to Isaacs out of the amount found due by the plaintiff to the construction company be the sum of $2,742.57. As no reason suggests itself why he should not have interest upon that sum from February 1, 1894, such payment should include interest from that time. The balance of the money found due by the plaintiff should be distributed in the order directed in the judgment ; and upon this appeal the judgment is modified as hereinbefore suggested, without costs.

VAN BRUNT, P. J., RUMSEY and O'BRIEN, JJ., concurred ; BARRETT, J., dissented.

BARRETT, J. (dissenting) :

I am unable to concur in the view that the appellant is entitled to a greater sum than the $2,000 awarded to him in the judgment

appealed from.   On February 1, 1894, the day when his attachment was levied, the architects gave a certificate that the sum of $2,000 was due; and this is the only sum they have certified which has not been paid.   As their certificate is made a condition precedent to payment, and there is no proof of the demand and refusal of a further certificate, there is a difficulty at once in the way of the appellant's claim.   In addition to this, however, it appears, according to the terms of the contract, that a further certificate could not have been rightfully and successfully demanded.   The contract provides: "Payments on each order to be made as the work covered by the same progresses, base* on the amount of work done, less twenty per cent, which is to be retained until all of the work contained in such order is completed and accepted."   This gave the plaintiff the absolute right to pay but eighty per cent of the price of the work as it progressed, and to retain the other twenty per cent as security for the completion of the whole.   It appears that on February 1, 1894, work had been done aggregating $43,998.71, and certificates made, including the last one for $2,000, of $43,256.14. Consequently, much more than eighty per cent of the work had been paid for, and certificates had been issued for a still greater percentage of the whole.   There is no evidence from which a waiver of this contract right of the plaintiff's can possibly be spelled out.   All that appears on the subject is contained in the testimony of Buchman, one of the architects, who simply says that the twenty per cent reservation was kept substantially intact until September or October, 1893, when they began to draw upon it.   There might well be doubt whether, without its assent, the plaintiff could be bound by certificates of the architects in excess of the prescribed amount.   At all events, it seems certain that they were not bound any further than the certificates went.

It is well settled that, in order to be attachable, a debt must be actually due when the levy is made, or then certainly to become due by mere lapse of time.   If the liability is merely possible, depending upon a contingency which may never happen, it is not subject to attachment.   (1 Am. & Eng. Ency. of Law, 896; Drake on Attachments, § 551; *Excelsior Co.* v. *Cosmopolitan Co.*, 80 Hun, 592.)   In the present case a plain contingency existed on February

---

\* *Sic.*

1, 1894, which might have destroyed the right to any further sum. That contingency was the completion of the whole of the work by the contracting company. If it did not complete, the balance was, *prima facie*, forfeited. If the plaintiff had chosen to rescind and terminate the contract upon the contractor company's breach, the remaining twenty per cent would never have become due. If proceeding, as it did, to finish the work as the agent of the contractor company, in accordance with the provisions to that effect, the expense of completion had exceeded the balance of the contract price, then the contractor company would not only not have been entitled to any further sum, but would have been liable for the deficiency. No certain debt, payable either then or in the future, existed on February 1, 1894. On that day the whole matter was in doubt. The contractor company's right to a further sum depended primarily upon action of the plaintiff, and I cannot concur in the reasoning which makes the debt an actually subsisting one because, in the end, the plaintiff chose to take steps which, in fact, effected a waiver of a defense to it. Whether or not such action would be taken was as much a contingency as any which occurs to the mind. But, in addition, a further sum became due only in case the plaintiff, after such election on its part, was able to complete the work for less than a specified amount.

No reason appears why the appellant should not have interest upon the amount of the demand which he attached. The judgment should, therefore, be modified by awarding him interest upon the sum of $2,000 from February 1, 1894, and, as so modified, affirmed, without costs.

Judgment modified as directed in opinion, and as modified affirmed, without costs to either party upon this appeal.