DUNN et al. v. ARKENBURGH.

(Supreme Court, Appellate Division, Second Department.   March 6, 1900.)

1. ATTACHMENT—ACTION IN NAME OF SHERIFF—APPLICATION FOR LEAVE TO SUE—NOTICE TO SHERIFF.

   In an action under Code Civ. Proc. § 677, providing that plaintiff in attachment may, by leave of court, bring, in the name of himself and the sheriff, jointly, any action which may be brought by the sheriff to recover property attached, objection that notice of application for leave to bring such action was not given to the sheriff cannot be taken by defendant.

2. SAME—INVENTORY—AMENDMENT.

   Inability or inadvertence to mention a debt due to attachment defendant as residuary legatee, in the inventory filed by the sheriff, will not defeat the lien of the attachment, where the attachment itself and the notice were broad enough to cover such indebtedness, since the court may authorize an amendment of the inventory.

3. COURTS—SURROGATE.

   A surrogate is without jurisdiction to determine a contest between an assignee of a legatee's distributive share and the legatee's attaching creditor.

4. ATTACHMENT—DISTRIBUTIVE SHARE OF LEGATEE—ACTION IN NAME OF SHERIFF.

   Where a levy of attachment is properly made on the distributive share of a legatee found by the surrogate to be due him, and the share is claimed by an assignee of the legatee, an action by the attachment plaintiff in the name of the sheriff, under Code Civ. Proc. § 677, is proper, since the surrogate is without jurisdiction to determine the respective claims.

5. SAME.

   Where executors have in their hands the amount of a distributive share of a legatee at the time an attachment is levied against such share, it is their duty to pay the same in discharge of the lien.

6. SAME—COSTS.

   An action by a sheriff against executors, in aid of an attachment against the distributive share of a legatee, while against defendants in their representative capacity, is independent of any matters concerning the administration; and hence Code Civ. Proc. §§ 1835, 1836, providing that, in actions brought against an executor or administrator in his representative capacity, costs shall not be awarded against him unless he was negligent in refusing to pay or refer a claim against the estate, is not applicable, and costs may be awarded as provided for in section 3246, allowing costs in actions against executors or administrators in their representative capacity, "except as otherwise prescribed in sections 1835 and 1836 of this act."

7. SAME—INTEREST.

   In an action by a sheriff against executors, in aid of an attachment against the distributive share of a legatee, interest may be allowed on a judgment for plaintiff.

Appeal from special term, New York county.

Action in aid of attachment by Thomas J. Dunn, sheriff, and another against Eliza J. Arkenburgh, executrix of the last will and testament of Robert K. Arkenburgh, and another. Judgment for plaintiffs, and defendant Eliza J. Arkenburgh appeals.   Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Charles Edward Souther, for appellant.
Robert F. Little, for respondents.

HATCH, J.   This action is brought pursuant to the provisions of
section 677 of the Code of Civil Procedure, leave therefor having
been duly obtained.   The averments of the complaint showing that
leave was so obtained are sufficient, and, while it does not appear
in the order granting the leave that notice of the application was
given to the sheriff, yet the defendant cannot take advantage of
that fact.   The Code provision in this respect was clearly for the
benefit of the sheriff, and to protect his rights.   The defendants are
in no wise prejudiced thereby, and cannot now be heard to com-
plain, even though, as to the sheriff, a defect existed in this regard.
It is undisputed that a certified copy of the warrant of attachment
and notice was served upon the defendants as required by law.
The statement contained in the notice of the levy of the attachment
was sufficiently broad to cover the indebtedness which was there-
after established to have been due from the testator to Robert H.
Arkenburgh.   O'Brien v. Insurance Co., 56 N. Y. 52; Greenleaf v.
Mumford, 19 Abb. Prac. 469.   When the certificate of the interest
held by Robert in the estate of the testator was given by Eliza J.
Arkenburgh, she made it in the most general terms, limiting it to his
interest as residuary legatee.   There was therefore nothing at that
time from which the sheriff could be accurately informed as to the
existence of the debt in favor of Robert, which was afterwards es-
tablished.   But the attachment itself and the notice which was
served upon the defendants were broad enough in their terms to
cover such indebtedness, and constituted the attachment a lien
thereon.   Inability or inadvertence to mention such debt in the in-
ventory filed by the sheriff ought not to be permitted to defeat the
lien of the attachment, and the court possessed ample power to au-
thorize an amendment of the inventory embracing such sums.   Van-
derheyden v. Gary, 38 How. Prac. 367.   Such power has been exer-
cised from an early day (Smith v. Hudson, 1 Cow. 430); the practice
in this regard being sufficiently liberal to secure rights fairly ob-
tained (Courtney v. Bank, 14 Misc. Rep. 386, 35 N. Y. Supp. 1049).
Upon the final decree made by the surrogate, determining the amount
which Robert H. Arkenburgh was entitled to receive from the es-
tate, it appeared that the defendant Eliza J. Arkenburgh claimed
the amount thereof by assignment.   Both parties thus claiming this
fund, the surrogate was without jurisdiction to determine the re-
spective rights therein.   Such was the express adjudication upon
appeal in this case.   In re Arkenburgh, 38 App. Div. 473, 56 N. Y.
Supp. 523.   While an appeal was taken from the decree of the
surrogate, no appeal was taken from that part of the decree which
found that the estate was indebted to Robert H. Arkenburgh.   As
the levy was properly made, and as the surrogate was without juris-
diction to determine the rights of the respective claimants, this
action was properly brought.   Davidson v Bank, 32 Hun, 138; Kelly
v. Breusing, 32 Barb. 601, affirmed on appeal in 33 Barb. 123.   Noth-
ing which appears in Bank v. Parent, 134 N. Y. 527, 31 N. E. 976,
18 L. R. A. 240, is in conflict with this view.   In that case there
was no levy of the attachment upon the sum of money which was
sought to be recovered in the action, and therefore it was held that

a creditors' action could not be maintained. The case recognizes, however, that, had there been a levy upon the property, an action at the instance of the sheriff, under section 655 of the Code, in aid of the attachment, would lie; as does, also, the case of Backus v. Kimball, 62 Hun, 122, 16 N. Y. Supp. 619.

The complaint in this action averred all of the facts, and was clearly sufficient, if the plaintiff was entitled to recover. It appeared by the evidence that the defendants had the sums of money in their hands or under their control prior to the commencement of the action. It became their duty, therefore, to pay the same in discharge of the lien prior to the time when the action was commenced. While the action is against the defendants in their representative capacity, yet the right to maintain the same, and the obligation of the defendants with respect thereto, are entirely independent of any matters which concern the administration of the estate or the property of the deceased. Under such circumstances the provisions of section 3246 of the Code of Civil Procedure are applicable, and authorize the award of costs which has been made. Sections 1835 and 1836 refer solely to claims presented by creditors of the decedent, and matters which constituted a charge against the estate at the time of the death of the deceased. They have no reference to, and do not embrace, a claim brought into being by the personal acts of the representative, or a claim or demand arising solely out of matters independent of the estate of the deceased. Under such circumstances the claim is not one against the decedent, and therefore does not fall within these provisions of the Code. As the testimony authorized the court to find that a proper discharge of duty on the part of the defendants required the payment of the money to the sheriff, it was also proper to direct the payment of interest thereon. In re Trustees of New York and Brooklyn Bridge, 137 N. Y. 95, 32 N. E. 1054.

We find no error in the judgment. It should therefore be affirmed.

Judgment affirmed, with costs. All concur.