### In re ARKENBURGH et al.

(Supreme Court, Appellate Division, Second Department. March 7, 1902.)

EXECUTORS—ACCOUNTING—ALLOWANCE OF CREDITS.

Where a son, who was executor of his father's will, claimed that he should be credited upon his account as executor with one-quarter of the profits under a contract between the testator and his three sons in reference to a purchase of tobacco, but it appeared that the contract provided that the testator should have absolute control of any profit that might accrue, and that testator's ledger showed a credit of 25 per cent. to each of two other sons, but no credit to the executor, he was not entitled, under the terms of the contract, to be credited with any portion of the profits.

On further argument. Decree appealed from affirmed.

For former opinions, see 56 N. Y. Supp. 523, and 69 N. Y. Supp. 125.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Charles Edward Souther, for appellants.

Robert F. Little (Arthur S. Tompkins, on the brief), for respondent Oliver M. Arkenburgh.

WILLARD BARTLETT, J.. A review of the steps which have been taken in this case since the determination of the appeal reported under the title of In re Arkenburgh, 38 App. Div. 473, 56 N. Y. Supp. 523, is necessary to a clear understanding of the questions now to be determined. On that appeal we held that error had been committed in receiving testimony, which was incompetent under section 829 of the Code of Civil Procedure, in support of Oliver M. Arkenburgh's claim that an item of $26,530.66 in the testator's ledger represented moneys received by the son from his father in payment for the son's services. For this error we remitted the case to the surrogate for a further hearing. On the further hearing, as I understand it, Surrogate Wheeler reached the same conclusion as had been reached by his predecessor in regard to this item of $26,530.66, holding, in substance, that Oliver M. Arkenburgh, as executor, was not chargeable with that amount. A decree to this effect was granted, dated December 30, 1899. A motion was made before Thomas H. Lee, Esq., the district attorney of Rockland county, acting as surrogate, to vacate Surrogate Wheeler's decree of December 30, 1899. This motion was denied by an order dated January 24, 1900. Robert H. Arkenburgh and Eliza J. Wiggins, two of the legatees named in the last will and testament of Robert H. Arkenburgh, Sr., appealed from the decree of Surrogate Wheeler and the order of Acting Surrogate Lee. When the appeals from this decree and this order came before the appellate division, this court handed down the opinion, by GOODRICH, P. J., reported in 58 App. Div. 582, 69 N. Y. Supp. 125. The decision then rendered directed that the proceeding be remitted to the surrogate of Rockland county, in order that he might modify his decree as indicated in the opinion. After the decision reported in 58 App. Div. 582, 69 N. Y. Supp. 125, a motion for a reargument was made, and was granted by an order dated April 26, 1901. The reargument was had on April 30, 1901, and upon such reargument the appellate division ordered a reference to Roswell C. Coleman, Esq., of Orange county, to take additional proof in this matter, under section 2586 of the Code of Civil Procedure, which provides as follows: ।

"Where an appeal is taken upon the facts, the appellate court has the same power to decide the questions of fact, which the surrogate had; and it may, in its discretion, receive further testimony or documentary evidence, and appoint a referee."

The testimony taken before the referee has now been reported to this court, and a further hearing on the appeal has been had upon the whole record, including such testimony. Upon the record as thus supplemented we are now called upon to determine the question which was left open and remitted to the surrogate for a rehearing by the decision reported in 38 App. Div. 473, 56 N. Y. Supp. 523. That question, as stated in the order of reference, is whether the account in the testator's ledger, showing a balance of $26,530.66

against Oliver M. Arkenburgh, should be reckoned with the surplus, and applied and distributed as a part of the testator's personal property. The conclusion which I have reached on this question is that the executor is not chargeable with the whole of this amount, but should be charged only with $10,419.97 thereof. The additional proof adduced on the reference shows quite clearly that, of the $26,530.66 charged against Oliver M. Arkenburgh in his father's private ledger, four items, aggregating $13,110.69, were embraced in a release executed to him and his brothers by his father under date of December 10, 1888. Deducting the aggregate of these four items covered by the release from the item of $26,530.66 leaves $13,419.97. This sum must be still further reduced by $3,000, which is admitted by the contestants to be a proper deduction. We have, then, $10,419.97 remaining as a balance, for which Oliver M. Arkenburgh appears to be liable, and against which he does not show himself entitled to any offsets. It is claimed in his behalf that this amount should be still further reduced by reason of his right to certain profits under a contract between the testator and his three sons in reference to the purchase of tobacco in Kentucky. This agreement provided that the testator should have absolute control of the division of profits, should any profits accrue therefrom. The testator's private ledger showed a net profit of $6,002.03 on this contract, and it also showed a credit of 25 per cent. to R. H. Arkenburgh, Jr., and 25 per cent. to W. H. Arkenburgh, but no credit to Oliver M. Arkenburgh. These facts alone are not enough to show that Oliver M. Arkenburgh is entitled to deduct a quarter of the total profit, or, indeed, any portion thereof, from the item of $26,530.66; for, as already stated, the father had, by the terms of the contract, absolute control of the division of profits, and there is no indication as to what proportion thereof, if any, he allotted to Oliver. I think that the testimony taken before the referee was fairly within the purview of the order of reference made by the appellate division, and that the action of the referee in receiving the evidence reported to this court is not justly open to criticism.

The decree appealed from, now reviewed a second time upon this argument (being the decree of Surrogate Wheeler, dated December 30, 1899), in the light of the testimony taken before the referee, under our direction, pursuant to section 2586 of the Code of Civil Procedure, should be modified so as to provide that the sum of $10,419.97 (being part of a balance of $26,530.66 appearing against Oliver M. Arkenburgh in the testator's ledger) be reckoned with the surplus shown by the summary statement of the account of the executors, as therein set forth, and that the respondent Oliver M. Arkenburgh be adjudged liable therefor. The order appealed from, whereby the acting surrogate denied the motion to vacate the above-mentioned decree, should be affirmed.

Order affirmed, without costs. All concur.