### ARKENBURGH v. ARKENBURGH.

(Supreme· Court, Appellate Division, First Department. July 12, 1906.)

1. EXECUTION—PROPERTY SUBJECT TO SALE.

Code Civ. Proc. § 708, subd. 1, providing that, where an execution against property is issued on a judgment for plaintiff in an action in which a warrant of attachment has been levied, the sheriff must pay over to the plaintiff all money attached and the proceeds of any debts or other things in action collected or sold by him, does not authorize the sale of defendant's unliquidated claim or interest in his father's estate.

2. ATTACHMENT—ACTION BY SHERIFF IN AID OF ATTACHMENT.

Code Civ. Proc. § 655, provides that the sheriff must, subject to the direction of the court, collect and receive all debts, effects, or things in action attached by him, and may maintain any action or special proceeding in his name or the name of the defendant which is necessary to reduce to his actual possession an article of personal property capable of manual delivery of which he is unable to secure possession, etc. *Held* that, under such section, the sheriff was authorized in aid of an attachment to maintain an action in his own name to reach any part of the defendant's interest in the estate of his father that had become fixed, but that any part not yet payable could only be recovered by application to the Surrogate's Court to have it applied on the execution at the proper time.

3. SAME—LIEN—SALE OF PROPERTY.

Plaintiff acquired jurisdiction of defendant, a nonresident, only by attachment, which was levied on defendant's interest in his father's estate, and after judgment in the action the sheriff brought suit in aid of the attachment to recover the amount due defendant from the estate, and, though a judgment was recovered by him therein, it was not enforced. *Held*, that the lien of the attachment should be construed to cover the judgment recovered in aid thereof, and hence plaintiff was entitled to sell, under an execution levied on the original judgment, both the judgment recovered by the sheriff and defendant's remaining unliquidated claim.

Ingraham, J., dissenting.

Appeal from Special Term, New York County.

Action by Oliver M. Arkenburgh against Robert H. Arkenburgh. From an order denying defendant's motion to vacate an order directing the sheriff to sell under an execution the remaining portion of certain personal property attached, together with a judgment in an action by the sheriff in aid of such execution, defendant appeals. Affirmed.

Appeal by defendant from an order denying his motion to vacate, upon the papers upon which it was granted, an order made herein, pursuant to the provisions of section 708 of the Code of Civil Procedure, directing the sheriff of the county of New York "to sell under the execution that has been issued herein, and at public auction, the remaining portion of the personal property attached herein. * * * Upon the sale of such property, the judgment obtained in an action in the Supreme Court, wherein Thomas J. Dunn, as sheriff, etc., were plaintiffs, and the executors of the estate of Robert H. Arkenburgh, deceased, were defendants, entered in the office of the clerk of the county of New York on May 4, 1899, shall be sold, together with the items contained in said judgment which represented moneys heretofore found due to Robert H. Arkenburgh as legatee or otherwise, of the estate of Robert H. Arkenburgh, deceased, by the Surrogate's Court of Rockland county, and that all of the above-mentioned property shall be sold as one item, and the interest of the said Robert H. Arkenburgh, as legatee or otherwise, in the estate of Robert H. Arkenburgh, deceased, over and above the items above mentioned, shall be sold separately and as one item." The plaintiff showed by his petition upon which the order was granted all the proceedings in the action, extending over a period of about 13 years, and, among others, that on the 2d day of January, 1893, a warrant of attachment was issued herein and delivered to the sheriff of the county of New York, who levied under it on certain real estate and personal property in said county belonging to the defendant; that the personal property so levied on consisted of the defendant's interest, as legatee or otherwise, in the estate of Robert H. Arkenburgh, deceased, and that the attachment was made by serving the writ and notice on Eliza J. Arkenburgh, executrix of the estate, who is also mother to the defendant, and she returned a certificate stating that the defendant's interest in the estate could not be determined until an accounting of the estate could be had; that the real estate levied upon consisted of property situate on Sixty-Seventh street, in the city of New York; that the defendant did not appear in the action, but demanded notice of any reference or writ of inquiry that might be granted; that the plaintiff duly recovered a judgment in the action for $10,137. 91, and execution thereon was duly issued on the 5th day of August, 1896, to the sheriff of the county of New York, "directing him to satisfy the said judgment out of the personal property attached, and, if that should be insufficient, then out of the real estate so attached"; that the execution had not been returned, and that sufficient moneys had not been collected to pay it. The petition further shows that the sheriff appeared in a proceeding for the judicial settlement of the Arkenburgh estate by the surrogate of Rockland county on the 21st day of December, 1895, for the purpose of reducing to possession the attached personal property of the defendant, and requested that the surrogate direct that the moneys found to be due to said Robert H. Arkenburgh, the defendant, be paid to him to apply on the execution; that the surrogate found that the sum of $2,347.26 was due to the defendant from the estate on the 30th day of December, 1895, but refused to so decree that it be paid to the sheriff, upon the ground that he had no jurisdiction, since the executrix claimed it under an assignment from defendant, and in the decree advised the sheriff to seek a court of competent jurisdiction to decide whether the interest of said Robert H. Arkenburgh was payable to the sheriff under the attachment, or to the executrix pursuant to the assignment, and that the executrix refused to pay over the amount thus found due to the defendant. The decree of the surrogate recited that the share and interest of Robert H. Arkenburgh was claimed by the sheriff under the warrant of attachment and by Eliza J. Arkenburgh, executrix, under an assignment, and directed that the amount due be retained by the executors until the rights of the parties entitled to the same "shall have been determined in a court of competent jurisdiction." The surrogate held, upon the authority of Matter of Redfield, 71 Hun, 344, 25 N. Y. Supp. 3, that he was without jurisdiction to determine these conflicting claims, and this ruling was sustained on appeal. Matter of Arkenburgh, 38 App. Div. 475, 56 N. Y. Supp. 523. The petition further shows that thereafter, and on the 11th day of November, 1898, the plaintiff herein and the sheriff together instituted an action in aid of said attachment, pursuant to section 655 and section 677

of the Code of Civil Procedure, against the executors of the Arkenburgh estate, which action finally resulted in a judgment in favor of the sheriff on the 4th day of May, 1899, for the sum of $5,269.56, the amount then due to the defendant from the estate, which judgment was affirmed by the Appellate Division (Dunn v. Arkenburgh, 48 App. Div. 821, 62 N. Y. Supp. 861) and by the Court of Appeals (165 N. Y. 669, 59 N. E. 1122); that in April, 1900, leave to issue execution on that judgment was obtained from the surrogate of Rockland county, and that execution was issued to the coroner of the city and county of New York, where the funds of the estate were on deposit; that on the 5th day of May, 1900, the sheriff instituted proceedings supplementary to the last execution, and on the 17th day of the same month he secured an order (presumably from the Supreme Court, although the fact is not stated) permitting the Farmers' Loan & Trust Company to pay from the moneys on hand, belonging to the estate sufficient to satisfy the execution, but that on an appeal therefrom the executrix obtained a stay of proceedings from July, 1900, until November, 1904; that immediately after the expiration of the stay the sheriff procured the appointment of a receiver in the proceedings supplementary to execution, and an action was begun by the receiver against the Farmers' Loan & Trust Company to recover the amount which it was permitted by the order to pay over; that in the last-mentioned action the executors of the estate were substituted as defendants, and a demurrer interposed by them to the supplemental complaint was overruled at Special Term, but on appeal the interlocutory judgment was reversed, and final judgment was directed, dismissing the complaint, on the ground that there was no authority to reach the funds of an estate by proceedings supplementary to execution. Jones, as Receiver, v. Arkenburgh, as Executor (Sup.) April, 1906, 98 N. Y. Supp. 532. The petition further shows that, prior to the proceedings herein outlined, and on the 17th day of May, 1902, the surrogate of Rockland county made an order directing the executor and executrix to join in paying the coroners of the county of New York sufficient moneys to satisfy the execution issued to them, but "the said executrix refused to comply with said order, and the sheriff and plaintiff have been unable to enforce it." The plaintiff further shows that, unless he is permitted to sell and dispose of the judgment in aid of the attachment, and the remaining claim of the defendant against the estate levied upon under the attachment, which is necessary before the real estate attached can be sold, he will lose the lien of his judgment, which expires on the 19th day of May, 1906, and that his attachment will be valueless. The petitioner also presents the affidavit of the deputy sheriff, showing that he had had charge of the warrant of attachment and the execution heretofore issued herein, and on information and belief "that the sheriff has used due diligence in endeavoring to collect the personal property described in the affidavit" of the petitioner, "but that none of the personal property levied upon has been collected, and that all of said property is now uncollected," and that the sources of his information and the grounds of his belief are the records in the sheriff's office, the papers in the action, the affidavit of the petitioner, and all the records of the various actions and appeals therein. An affidavit of the present sheriff is also presented, tending to show that he has exercised due diligence in endeavoring to collect the debts and other things in action attached; but his affidavit is made upon information and belief, and the sources of his information and the grounds of his belief are substantially the same as those set forth in the affidavit of the deputy.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUHGLIN, and CLARKE, JJ.

Charles E. Souther, for appellant.
Robert F. Little, for respondent.

LAUGHLIN, J. This litigation has occupied the attention of the court to a considerable extent for a long period. Every opportunity

of making an application to the court and of appealing herein appears to have been embraced. The defendant moved to vacate the order of publication, and unsuccessfully contested the service through the Court of Appeals, Arkenburgh v. Arkenburgh, 90 Hun, 608, 35 N. Y. Supp. 1102, affirmed 148 N. Y. 756, 43 N. E. 985. He then moved to vacate the judgment and set aside the execution, and appealed without avail from a denial of that motion. Arkenburgh v. Arkenburgh, 14 App. Div. 367, 43 N. Y. Supp. 892. He also unsuccessfully contested the judgment recovered by the sheriff in aid of the attachment by appeal to this court and to the Court of Appeals. Dunn, as Sheriff, v. Arkenburgh, 48 App. Div. 518, 62 N. Y. Supp. 861, affirmed 165 N. Y. 669, 59 N. E. 1122. He moved to vacate his default, and appealed, without success, from the order denying it. · Arkenburgh v. Arkenburgh, 69 App. Div. 613, 74 N. Y. Supp. 1014. The plaintiff, in the course of the litigation, adopted the unknown and unauthorized practice of having a receiver of the trust funds in the hands of the executors of the estate of Robert H. Arkenburgh, deceased, appointed, and an action brought by the receiver against the trust company in which the trust funds were on deposit, and on an appeal to this court the complaint was dismissed. Jones, as Receiver, v. Arkenburgh, as Executor (Sup.) April, 1906, 98 N. Y. Supp. 532. It would seem as though the controversy between these parties might have been adjusted or finally determined long ago, and without resorting to the court and appeals to this extent.

This appeal presents the question as to whether the court was warranted in directing a sale of the judgment obtained in aid of the attachment and of the remaining claim of the defendant against the estate of his father, pursuant to the provisions of subdivision 5, § 708, of the Code of Civil Procedure. The appellant claims that the attachment merged in the execution issued on the 5th day of August, 1906, on the original judgment, and that the lien of the attachment thereupon terminated. The case of Barton v. Palmer, 87 App. Div. 35, 83 N. Y. Supp. 1041, is cited as authority for this proposition. It is unnecessary to approve or disapprove the doctrine of that case to the effect that an action cannot be brought in aid of an attachment after the return of an execution wholly unsatisfied on the judgment recovered in the action, which appears to be inconsistent with the express provisions of Subdivision 2 of section 655 of the Code of Civil Procedure, because in this case, while the lien of attachment may have been suspended by the judgment, or may have merged in the execution, the execution has not been returned, and the lien still exists. In the case at bar the action in aid of the attachment was, as already seen, sustained by this court and by the Court of Appeals. Dunn, as Sheriff, v. Arkenburgh, supra.

It is to be borne in mind that the defendant was a nonresident, served by publication, and that he did not appear generally in the action to give the court jurisdiction. The sheriff was, therefore, confined in executing the execution to the property upon which the warrant of attachment was levied, for there was no jurisdiction to reach any other property of the defendant. Code Civ. Proc. §§ 707, 1370. The

sheriff had no authority to sell the interest of the defendant in the estate of his father, under the original execution, without an order of the court as prescribed in subdivision 5 of section 708 of the Code of Civil Procedure. The powers and duties of the sheriff in satisfying an execution in favor of the plaintiff against property where a warrant of attachment has been levied are conferred and prescribed by section 708 of the Code of Civil Procedure, which provides as follows:

"Where an execution against property is issued upon a judgment for the plaintiff, in an action in which a warrant of attachment has been levied, the sheriff must satisfy it, as follows:

"(1) He must pay over to the plaintiff all money attached by him, and the proceeds of all sales of perishable property, or of any vessel, or share or interest therein, or animal sold by him, or of any debts or other things in action collected or sold by him; or so much thereof as is necessary to satisfy the judgment.

"(2) If any balance remains due, he must sell, under the execution, the other personal property attached or so much thereof as is necessary; including rights or shares in the stock of an association or corporation, or a bond or other instrument for the payment of money, executed and issued with the interest coupons annexed, if any, by a government, state, county, public officer, or municipal or other corporation, which is in terms negotiable, or payable to the bearer or holder, the principal whereof is not then payable; but not including any other debt or thing in action. If the proceeds of that property are insufficient to satisfy the judgment, and the execution requires him to satisfy it out of any other personal property of the defendant, he must sell the personal property, upon which he has levied by virtue of the execution. If the proceeds of the personal property, applicable to the execution, are insufficient to satisfy the judgment, the sheriff must sell, under the execution, all the right, title and interest which the defendant had in the real property attached, at the time when the notice was filed, or at any time afterwards, before resorting to any other real property.

"(3) If personal property attached, belonging to the defendant, has passed out of the hands of the sheriff without having been sold or converted into money, and the attachment has not been discharged, as to that property, he must, if practicable, regain possession thereof and for that purpose he has all the authority which he had, to seize the same under the warrant. A person who willfully conceals or withholds such property from him, is liable to double damages, at the suit of the party aggrieved.

"(4) Until the judgment is paid, he may collect the debts and other things in action attached, and prosecute any undertaking, which he has taken in the course of the proceedings, and apply the proceeds thereof to the payment of the judgment.

"(5) At any time after levying the attachment, the court, upon the petition of the plaintiff, accompanied with an affidavit specifying fully all the proceedings of the sheriff, since the levy under the warrant, the property attached, and the disposition thereof; and the affidavit of the sheriff, showing that he has used diligence, in endeavoring to collect the debts and other things in action attached, and that a portion thereof remains uncollected; may direct the sheriff to sell the remaining portion, upon such terms, and in such manner, as it thinks proper. Notice of the application must be given to the defendant's attorney, if the defendant appeared in the action. If the summons was not personally served on the defendant, and he did not appear, the court may make such order as to the service of notice, as it thinks proper; or may grant the application without notice."

Subdivision 1 of this section should not be construed as authorizing the sale of an unliquidated claim, such as the defendant's claim against his father's estate appears to have been, under the clause relating to the collection or sale of debts or things in action by the sheriff. It prescribes

the duty of the sheriff with respect to paying over moneys attached or collected or received by him, whether under that or the other subdivisions of the section, or any other provisions of law. The meaning of its provisions is somewhat obscure. Perhaps it authorizes the sale of a debt or thing in action for the full face value thereof, but it surely does not authorize a sale of unliquidated claims. This subdivision was taken from subdivision 1 of section 237 of the Code of Procedure, which subdivision clearly did not authorize a sale of a debt or thing in action; and Commissioner Throop in his notes does not show that it was intended to change the law as it formerly existed. Throop's Code Civ. Proc. note to section 708. If subdivision 1 authorized the sale of all debts and things in action, there would be no meaning to the provisions of subdivision 2, which precludes the sale of debts and things in action other than those specified therein, and there would be no necessity for an application to the court, which the Legislature has deemed necessary and provided for in subdivision 5.

The nature of the defendant's interest in his father's estate is not disclosed, but it appears to have been assumed that it was an unliquidated claim. Its value probably could not be definitely ascertained until the final accounting of the executor; and, until there was a decree of the Surrogate's Court adjudicating that there was a specific amount in the hands of the executors applicable to the payment thereof, and directing them to pay it, no action or other proceeding would lie to obtain it. The sheriff was authorized by virtue of the provisions of section 665 of the Code of Civil Procedure to maintain, as he did, an action in aid of the attachment to reach any part of the defendant's interest that had become fixed; but as to any part of the claim that has not yet become payable no action or proceeding can be maintained to have it applied on the execution, excepting by an application to the Surrogate's Court at the proper time. The question is whether the sheriff must hold the execution and pursue that remedy, and perhaps in the meantime have the lien upon the real estate expire by limitation, or whether he should be permitted to sell the fixed claim established by the judgment in aid of the attachment and the remaining unliquidated claim, pursuant to the authority contained in subdivision 5 of section 708 herein quoted. Very likely he should be permitted to sell the unliquidated claim, but there is room for doubt as to the power of the court to authorize him to sell the judgment recovered in aid of the attachment, and as to the propriety of adopting that course, even though there be authority therefor.

There is force in the contention that to the extent of that judgment the lien of the attachment and execution no longer exists, and that the judgment, having been recovered since the attachment was levied, could not have been levied upon under the warrant of attachment, and that the defendant's claim against his father's estate, levied upon under the warrant of attachment, has been merged in the judgment in aid of the attachment to the extent that it was embraced in that recovery.

It is claimed that the moving papers do not show due diligence, within the requirements of subdivision 5 of section 708 of the Code of Civil

Procedure, in that a court of competent jurisdiction was not sought, as directed by the surrogate. The surrogate correctly ruled that he had no authority to determine the validity of the assignment of the defendant to his mother, and that he could not determine, as between the sheriff and the assignee, who was entitled to the money found due from the estate to the defendant. Code Civ. Proc. § 3749; Matter of Arkenburgh, 38 App. Div. 473, 56 N. Y. Supp. 523; Matter of Randall, 152 N. Y. 508, 46 N. E. 945. The plaintiff did seek a court of competent jurisdiction, when, together with the sheriff, he brought the action in aid of the attachment, wherein it was necessarily adjudicated that the attachment had priority over the assignment, which was made subsequent to the levy under the warrant of attachment, and that judgment also necessarily determines the priority of the sheriff's claim under the execution as to the balance of the defendant's claim against the estate. It does not appear that any attempt was made to enforce the payment of the amount of that judgment by contempt proceedings. The judgment, in effect, conclusively determined that the amount thereof was in the hands of the executors, applicable to the payment of the defendant's claim against the estate, and presently due and payable. If the trust company has paid the fund into court, it would seem that an order might have been obtained, requiring the application thereof to the satisfaction of the judgment; and if it has not been paid into court, or cannot be reached by an order of this court, it would seem that payment might be enforced by contempt proceedings in the Surrogate's Court. However, all efforts on the part of the plaintiff to enforce his judgment seem to have been thwarted by the defendant or his mother. If there was any disposition on the part of the defendant to have the judgment in aid of the attachment satisfied by the executors of his father's will, and applied on the execution held by the sheriff under the judgment recovered in this action, it is manifest that it would have been satisfied long ago. If the judgment against the executors is collectible, the defendant should either see that it is paid, or protect his interest by seeing that it is sold for full value on a sale by the sheriff.

We think that the lien of the attachment should be held to cover the judgment recovered in aid thereof; and, since the plaintiff has been unable to collect the claim of the defendant against his father's estate, now represented by that judgment, he should, to avoid any further difficulty or obstacle that might arise by a sale of the remaining unliquidated claim and of the real estate, without knowing what, if anything, will be realized upon the judgment in aid of the attachment, be permitted to sell both the judgment and the remaining unliquidated claim.

It follows that the order should be affirmed, with $10 costs and disbursements. All concur, except INGRAHAM, J., who dissents.