By the Court.—Andrews, J.
 

 No attempt was made by the sheriff to execute the attachment in the action against Stewart and Bramson, upon their debt against these defendants until after judgment in the attachment suit had been entered.
 

 The Code prescribes the manner of executing an attachment upon property incapable of manual delivery.
 

 To attach a debt owing to the defendant in the attachment, the sheriff is required to leave with the debtor a certified copy of the warrant of attachment, together with a notice showing the- property levied on
 
 (Code of Pro.,
 
 § 235).
 

 No lien is acquired under the attachment until actual service thereof in the manner required by the statute.
 

 The lien is created by the levy and seizure, and the lodgment of the warrant in the hands of the officer is ineffectual of itself to create any charge upon the property of the defendant (Rodgers
 
 v.
 
 Bonner, 45
 
 N. Y.,
 
 379).
 

 Neither the officer nor the attaching creditor had acquired any interest in or lien upon the debt, due. to Stewart and Bramson under the attachment, at the time the judgment was recovered against them. It had not then been levied.
 

 The right of a sheriff holding an attachment' to bring an action to recover a debt owing to the defendant, depends upon his having acquired a lien upon the debt under the process in- his hands.
 

 
 *89
 
 The action in snch case is authorized as an auxiliary remedy to enable the sheriff to enforce the lien, and to reduce to possession the property attached.
 

 He cannot maintain an action to remove a fraudulent obstruction to the execution of the process, or to subject property to attachment not already held under it (Lawrence
 
 v.
 
 Bank of the Republic, 35 N.
 
 Y.,
 
 320; Thurber v. Blanck,
 
 Ct. of App.,
 
 Nov., 1872).
 

 The power to levy the attachment against the property of Stewart and Bramson did not survive .the recovery of the judgment against them. Its power was spent so far that no new right or interest in the property of the defendants could be acquired under it.
 

 This will appear from a consideration of the provisions of the Code, and the conclusion is in harmony with the general object of attachment laws.
 

 The attachment given by the Code is to be issued “in an action” (§ 227).
 

 The plaintiff procuring it is required, within ten days after it is issued, to file the affidavits on which it was granted in the clerk’s office of the county in which the action “is to be tried” (§ 229).
 

 He is required, before the warrant is issued, to execute a bond to the effect that if the defendant “ recover judgment,” &c. (§230).
 

 It is manifest from these provisions that an attachment can only issue before judgment.
 

 By section 227 the attachment is issued “as a security for the satisfaction of such judgment as the plaintiff may recover.”
 

 By section 231, the must require the sheriff to ' attach the property of the defendant within his county, ■ or sufficient thereof to satisfy the plaintiff’s demand, which must be stated “in conformity with the complaint, &c.”
 

 By section 232, the sheriff is directed to keep the property seized by him, or the proceeds of such as
 
 *90
 
 shall have been sold, to answer “any judgment which may be obtained in such action.”
 

 By section 237, in case judgment be entered for the plaintiff in the action the sheriff is directed to satisfy the same “out of the property attached by him,” in the manner therein prescribed, and by the third subdivision of this section, special authority is given to re-seize, after judgment, property which had been attached, but which had passed from the hands of the sheriff without having been sold or converted into money.
 

 It sufficiently appears from these provisions of the Code, without adverting to others, that an attachment is designed as a preliminary proceeding for the seizure of the debtor’s property, so that it may be held to await the issue of the action, and to secure the payment of the judgment which may be obtained therein by the plaintiff.
 

 That this is the'scope and purpose of the remedy by attachment is apparent also from the consideration that it can issue only in those actions in which, by reason of the non-residence of the defendant, or the fraudulent intent of the debtor, there is danger that the final process for the collection of the plaintiff’s demand will be obstructed or rendered ineffectual.
 

 If the attachment can be levied after judgment, the restriction against issuing it after that time would seem to be unnecessary.
 

 . The attachment is not discharged by the judgment against the defendant, but it is operative thereafter to hold the lien acquired thereby until execution • issues, and to enable the sheriff to repossess himself of the ■property which has passed from his possession, and to collect and convert the equitable assets upon which it has been levied (§ 237).
 

 The remedy for the enforcement of the judgment is by execution, and by proceedings based upon it; and the attachment continues in force after judgment only
 
 *91
 
 for the purpose of giving effect to the lien acquired under it, and existing when the judgment was rendered.
 

 The judgment should be reversed, and a new trial ordered, with costs to abide the event.
 

 ■All-the judges concurred, except Allen, J., who did not hear the argument.