CLARA HARMON, Appellant, *v.* THE VANDERBILT HOTEL COMPANY, Respondent.

*A complaint against a corporation — must allege whether the corporation is domestic or foreign — such defect cured by motion and not by demurrer — such allegation is no part of the cause of action.*

A complaint in an action which states that the defendant is a corporation, and fails to state whether it is a domestic or foreign corporation, and if the latter under the laws of what sovereignty incorporated, is defective as not complying with the requirements of section 1775 of the Code of Civil Procedure; such defect is not a ground of demurrer but is the subject of a motion to compel its correction.

The cause of action in a complaint is represented by the facts which constitute the grounds of the claim against the defendant; the allegation therein that the defendant is a corporation is no part of the cause of action, but simply relates to the character or capacity of the defendant.

APPEAL by the plaintiff, Clara Harmon, from an interlocutory judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 2d day of April, 1894, upon the decision of the court sustaining the defendant's demurrer to the complaint, and modifying a previous interlocutory judgment entered in said clerk's office on the 12th day of

March, 1894, and also from an order made at the Kings County Special Term and entered in said clerk's office on the 30th day of March, 1894, modifying the decision of the court sustaining the defendant's demurrer to the complaint.

*Henry D. Birdsall*, for the appellant.

*Wm. Sulzer* and *Wm. Armstrong*, for the respondent.

CULLEN, J.:

This is an appeal from an interlocutory judgment entered upon an order sustaining a demurrer to the plaintiff's complaint. The objection taken to the complaint is, that while it states that the defendant is a corporation, it fails to state whether it is a domestic or foreign corporation, and, if foreign, under the laws of what sovereignty incorporated.

That the complaint is defective in failing to make such an averment, which is required by section 1775 of the Code, cannot be doubted. But the question here involved is, whether such defect is ground for demurrer or the subject of motion. It has been the subject of numerous conflicting decisions in this court and in the superior city courts. The exact point has not been determined by the Court of Appeals or passed on in this General Term. We are, therefore, at liberty to decide it as a new question.

The grounds of demurrer are specified by section 488 of the Code. The only specified ground under which the demurrer in this case can be brought is that the complaint fails to state facts sufficient to constitute a cause of action, for the cause of action arose in this State, and, even if the defendant were a foreign corporation, the court would have jurisdiction of the subject of the action.

The cause of action is the facts which constitute the grounds of the claim against the defendant. In *Fox* v. *The Erie Preserving Company* (93 N. Y. 54) it is said: " The allegation that the defendant is a corporation is no part of the cause of action, but simply relates to the character or capacity of the defendant." This dictum is not *obiter* as suggested, but strictly in point to the question involved in that case. It is true that the provisions of section 1775 of the Code were not under consideration in that case, and that the

provision of that section that the complaint shall state the character of the corporation is mandatory. But section 481 is equally mandatory that the complaint shall specify the place of trial and the names of all the parties. For defects in these respects it is settled practice that demurrer will not lie, but that the remedy is by motion. If the complaint stated erroneously the character of the defendant, whether a domestic or foreign corporation, it would not affect the right of the plaintiff to recover. We do not see that an allegation can be deemed part of a cause of action, the successful controversion of which cannot defeat the action.

The order appealed from should be reversed, with costs, and judgment given for plaintiff on demurrer, with costs, with leave to defendant to answer within twenty days on the payment of such costs.

Brown, P. J., and Dykman, J., concurred.

Judgment and order reversed, with costs, and judgment given for plaintiff on demurrer, with costs, with leave to defendant to answer in twenty days on payment of such costs.