tion of the trial justice, it is error, as in this instance, to bar all interrogation on the subject.    Richardson v. Northrup, 66 Barb. 85; Schultz v. Railroad Co., 89 N. Y. 242.

In view of the fact that there must be a new trial, it becomes unnecessary to consider in further detail the numerous other exceptions urged by the appellant.    The judgment must be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.    All concur.

---

(26 Misc. Rep. 758.)

### DUNN et al. v. ACKER, MERRALL & CONDIT.

(Supreme Court, Appellate Term.    March 24, 1899.)

ATTACHMENT OF DEBTS—PRACTICE.
   Where a third person furnishes plaintiff in attachment a certificate of indebtedness to defendant, and plaintiff obtains final judgment, he cannot sue the third person for the amount named in the certificate.    His remedy is by special execution.

Appeal from municipal court, borough of Manhattan, First district.

Action by Thomas J. Dunn, as sheriff, and Walter M. Rosebault against Acker, Merrall & Condit.    From a judgment for plaintiffs, defendant appeals.    Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

G. A. Seixas, for appellant.

T. F. Hamilton, for respondents.

LEVENTRITT, J.    On January 17, 1894, Walter M. Rosebault, one of the plaintiffs, commenced an action against the Saratoga Kissingen Spring Company, and therein procured a warrant of attachment against its property.    After service thereof upon the defendant corporation, it, on February 3, 1894, furnished to the sheriff a certificate acknowledging indebtedness to the defendant in the attachment proceeding in the sum of $95.74, which sum the defendant herein did not pay over to the sheriff, but still retains.    The action against the Saratoga Kissingen Spring Company proceeded to judgment on the 9th day of February, 1894, and an execution thereon in the sum of $417.13 was issued.    On April 3, 1894, demand was made of the defendant by the sheriff for the payment of the sum of $95.74, which was refused.    The execution was not directed against attached property, as required by the Code (section 1370), but was in the general form, against personal and real property of the defendant.    On October 13, 1898, on motion of the plaintiff Rosebault, an order was obtained in the supreme court granting him, jointly with the sheriff of the county of New York, leave to bring an action in aid of the attachment for the collection and recovery from the defendant of the amount which it had acknowledged in its certificate.    A motion to vacate this order was denied; reserving to this defendant, however, the right to interpose in this suit any defenses which it might have.    Pursuant to the leave granted, this action in aid of the attachment was brought, and recovery

was had for the amount admitted in the certificate. That disposition
of the case was error. Under the facts disclosed, the action in aid
of the attachment could not be instituted after the entry of final judg-
ment. The plaintiff Rosebault's remedy was to issue against the at-
tached property an exception in the special form prescribed by the
Code. The enforcement of the judgment should have been by execu-
tion, and by proceedings based upon it; and the attachment continued
in force after judgment only for the purpose of giving effect to the lien
acquired under it, and existing when the judgment was rendered.
Lynch v. Crary, 52 N. Y. 181; Peetsch v. Sommers, 31 App. Div. 255, 53
N. Y. Supp. 438. The purpose of an attachment is to acquire and
preserve property of the debtor, so .that it may be applied on an execu-
tion issued after judgment recovered in the action. The plaintiff, hav-
ing neglected to adopt the simple and obvious course open to him to
enforce his rights against the defendant, cannot, after the lapse of
years, invoke as the basis of an action a warrant of attachment, which
for that purpose had spent its force. The judgment should be reversed.

Judgment reversed, with costs to the appellant. All concur.