EUGENE BARTON and WILLIAM J. O'BRIEN, as Sheriff of the County of New York, Respondents, *v.* ALBERT PALMER COMPANY, Appellant.

*Attachment — requisites of its levy — proof of service on " the treasurer or managing agent of the defendant," not alleging that it was a corporation, is insufficient — an execution supersedes the. attachment lien — the return of the execution terminates the lien.*

A substantial compliance with the requirements of. section 649 of the Code of Civil Procedure, which prescribes the method in which a levy under a warrant of attachment shall be made, is essential to the validity of the levy.

A complaint in an action brought against "Albert Palmer Company," in aid of an attachment, which alleges that the attachment papers were served upon " Cornelius A. Palmer, who then was the treasurer or managing agent of the defendant herein," but which does not allege that the defendant is a corporation, is fatally defective, as, in the absence of such an allegation, it does not appear that service upon the said Cornelius A. Palmer was sufficient service upon the defendant.

An execution issued in the form prescribed by section 1370 of the Code of Civil Procedure, upon a judgment recovered in an action in which the judgment creditor has previously obtained an attachment, operates to supersede the lien of the attachment, and the judgment creditor cannot thereafter. maintain an action in aid of the attachment.

The return of an execution wholly unsatisfied terminates the lien created by its issue upon the judgment debtor's personal property.

APPEAL by the defendant, the Albert Palmer Company, from an interlocutory judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Orange on the 12th day of March, 1903, upon the decision of the court, rendered after a trial at the Orange Special Term, overruling the defendant's demurrer to the plaintiffs' complaint.

*Charles Goldzier,* for the appellant.

*Benjamin N. Cardozo,* for the respondents.

HIRSCHBERG, J.:

The demurrer should have been sustained. The action is brought by Eugene Barton, joined with the sheriff of the county of New York, in aid of an attachment issued against the property of Harriet C. Collins in an action prosecuted by Barton against her. The complaint alleges that the attachment was executed by levying upon personal property of the said Harriet C. Collins, then in the

possession of the defendant in this action, "by leaving a certified copy of the warrant of attachment and a notice showing the property attached with Cornelius A. Palmer, who then was the treasurer or managing agent of the defendant herein." The nature of the personal property attached is not stated, although the complaint does further aver that at the time of the attachment the defendant was indebted to Harriet C. Collins in a large sum of money which stood to her credit upon the defendant's books, and that by virtue of the attachment the defendant was required by law to retain as much thereof as might be necessary to satisfy any judgment recovered in the action in which the attachment was issued.

Section 649 of the Code of Civil Procedure provides how a levy must be made under a warrant of attachment, and substantial compliance with the requirements of that section is essential to validity. (*Hayden* v. *National Bank*, 130 N. Y. 146; *Courtney* v. *Eighth Ward Bank*, 154 id. 688.) If the personal property attached is capable of manual delivery the sheriff must take it into his actual custody. If the personal property is not such as is capable of manual delivery the attachment must be executed by leaving a certified copy of the warrant, and a notice showing the property attached, with the person holding the property; or if the property consists of a demand, with the person against whom it exists. There is no allegation in the complaint that the defendant, Albert Palmer Company, is a corporation, and although the fact of incorporation is no part of the cause of action and the omission of the allegation in that regard would not of itself be ground of demurrer (*Harmon* v. *Vanderbilt Hotel Co.*, 79 Hun, 392), yet that fact if it exist is essential for the purpose of showing that service upon Cornelius A. Palmer as treasurer or managing agent is sufficient service upon the defendant. As the complaint stands the papers have been left with a person who is not alleged to hold the property or to be one against whom any demand exists, or who sustains such official relation with the defendant as is recognized by law for the purposes under consideration.

The complaint further alleges that judgment was duly recovered in the action against Harriet C. Collins, and that an execution issued thereon in the form prescribed by section 1370 of the Code of Civil Procedure to the sheriff of New York county has been

returned unsatisfied. It would seem under the authorities that the attachment is merged in the execution, and that the lien by attachment then ceases so that the remedy thereafter is necessarily confined to the process by execution. (*Lynch* v. *Crary*, 52 N. Y. 181; *Peetsch* v. *Sommers*, 31 App. Div. 255; *Dunn* v. *Acker, Merrall & Condit*, 26 Misc. Rep. 758.) It is true that subdivision 4 of section 708 of the Code of Civil Procedure provides that the sheriff may collect the debts and other things in action attached " until the judgment is paid," but if it be assumed that such collection may be by action it must also be assumed that it must be by action founded upon an existing lien. The plaintiffs' action is brought under the authority of section 677 of the Code of Civil Procedure, which permits the attaching creditor and sheriff jointly to maintain any action which the sheriff could bring alone under subdivision 2 of section 655 of the Code. That subdivision provides for actions in aid of the attachment. But the lien of the execution issued under section 1370 of the Code (*supra*) specifically against the property attached must surely be regarded as superseding the lien of the attachment, and the return of that execution terminates the lien created by its issue. The condition presented is, therefore, that of an action brought in aid of a lien where no lien exists, and is similar to that referred to in *Peetsch* v. *Sommers* (*supra*), the court there saying (p. 259) : " When the judgment in this action was entered and execution issued, the effect of the attachment was spent; the sheriff could proceed only under the execution, and his right to the possession of the property would depend upon the execution in his hands, the lien acquired by the attachment being preserved only to enable such lien to be enforced under the execution; but after the return of his execution wholly unsatisfied there was no execution in force, and thus at the time of the trial there was no lien upon this property by virtue of either the attachment or the execution."

It follows that the interlocutory judgment should be reversed, with costs, and the demurrer sustained, with costs.

GOODRICH, P. J., WOODWARD and HOOKER, JJ., concurred.

Interlocutory judgment reversed, with costs, and demurrer sustained, with costs, with leave to the respondents to amend within twenty days upon payment.