## BARTON et al. v. ALBERT PALMER CO.

(Supreme Court, Appellate Division, Second Department. October 2, 1903.)

1. ACTIONS IN AID OF ATTACHMENT—PLEADING—AVERMENTS OF SERVICE.

 Under Code Civ. Proc. § 649, providing that, if personal property is not capable of manual delivery, the attachment must be executed by leaving a certified copy of the warrant with the person holding the property, or, if the property consists of a demand, with the person against whom it exists, a complaint in an action in aid of attachment, alleging its execution by leaving a certified copy of the warrant, and notice showing the property attached, with a certain person, who was treasurer or managing agent of defendant, is insufficient, without an averment that defendant was a corporation; such fact being essential to show the sufficiency of the service.

2. SAME—ISSUANCE OF EXECUTION—LOSS OF LIEN.

 Notwithstanding Code Civ. Proc. § 677, permitting an attachment creditor and sheriff jointly to maintain the action which the sheriff could maintain under section 655 in aid of an attachment, either before the return of execution, or after return unsatisfied, an execution issued against the property attached supersedes the attachment lien, and, on its return unsatisfied, no lien exists which can be enforced by action.

Appeal from Special Term, Orange County.

Action by Eugene Barton and William J. O'Brien, as sheriff of New York county, against the Albert Palmer Company. From an interlocutory judgment overruling a demurrer to the complaint interposed on the ground that it did not state facts sufficient to constitute a cause of action, defendant appeals. Reversed.

Argued before GOODRICH, P. J.. and WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Charles Goldzier, for appellant.

Benjamin N. Cardozo, for respondents.

HIRSCHBERG, J. The demurrer should have been sustained. The action is brought by Eugene Barton, joined with the sheriff of the county of New York, in aid of an attachment issued against the property of Harriet C. Collins in an action prosecuted by Barton against her. The complaint alleges that the attachment was executed by levying upon personal property of the said Harriet C. Collins, then in the possession of the defendant in this action, "by leaving a certified copy of the warrant of attachment, and a notice showing the property attached, with Cornelius A. Palmer, who was then the treasurer or managing agent of the defendant herein." The nature of the personal property attached is not stated, although the complaint does further aver that at the time of the attachment the defendant was indebted to Harriet C. Collins in a large sum of money, which stood to her credit upon the defendant's books, and that by virtue of the attachment the defendant was required by law·to retain as much thereof as might be necessary to satisfy any judgment recovered in the action in which the attachment was issued.

Section 649 of the Code of Civil Procedure provides how a levy must be made under a warrant of attachment, and substantial compliance with the requirements of that section is essential to validity.

Hayden v. National Bank, 130 N. Y. 146, 29 N. E. 143; Courtney v. Eighth Ward Bank, 154 N. Y. 688, 49 N. E. 54. If the personal property attached is capable of manual delivery, the sheriff must take it into his actual custody. If the personal property is not such as is capable of manual delivery, the attachment must be executed by leaving a certified copy of the warrant, and a notice showing the property attached, with the person holding the property, or, if the property consists of a demand, with the person against whom it exists. There is no allegation in the complaint that the defendant, Albert Palmer Company, is a corporation; and although the fact of incorporation is no part of the cause of action, and the omission of the allegation in that regard would not of itself be ground of demurrer (Harmon v. Vanderbilt Hotel Co., 79 Hun, 392, 29 N. Y. Supp. 783), yet that fact, if it exists, is essential for the purpose of showing that service upon Cornelius A. Palmer as treasurer or managing agent is sufficient service upon the defendant. As the complaint stands, the papers have been left with a person who is not alleged to hold the property, or to be one against whom any demand exists, or who sustains such official relations with the defendant as is recognized by law for the purposes under consideration.

The complaint further alleges that judgment was duly recovered in the action against Harriet C. Collins, and that an execution issued thereon, in the form prescribed by section 1370 of the Code of Civil Procedure, to the sheriff of New York county, has been returned unsatisfied. It would seem, under the authorities, that the attachment is merged in the execution, and that the lien by attachment then ceases, so that the remedy thereafter is necessarily confined to the process by execution. Lynch v. Crary, 52 N. Y. 181; Peetsch v. Sommers, 31 App. Div. 255, 53 N. Y. Supp. 438; Dunn v. Acker, Merrall & Condit, 26 Misc. Rep. 758, 56 N. Y. Supp. 1069. It is true that subdivision 4, § 708, of the Code of Civil Procedure, provides that the sheriff may collect the debts and other things in action attached "until the judgment is paid"; but, if it be assumed that such collection may be by action, it must also be assumed that it must be by action founded upon an existing lien. The plaintiffs' action is brought under the authority of section 677 of the Code of Civil Procedure, which permits the attaching creditor and sheriff jointly to maintain any action which the sheriff could bring alone under subdivision 2, § 655, of the Code. That subdivision provides for actions in aid of the attachment. But the lien of the execution issued under section 1370 of the Code, supra, specifically against the property attached, must surely be regarded as superseding the lien of the attachment, and the return of that execution terminates the lien created by its issue. The condition presented is therefore that of an action brought in aid of a lien where no lien exists, and is similar to that referred to in Peetsch v. Sommers, supra; the court there saying (page 259, 31 App. Div., page 441, 53 N. Y. Supp.):

"When the judgment in this action was entered and execution issued, the effect of the attachment was spent. The sheriff could proceed only under the execution, and his right to the possession of the property would depend upon the execution in his hands, the lien acquired by the attachment being

preserved only to enable such·lien to be enforced under the execution; but, after the return of his execution wholly unsatisfied, there was no execution in force, and thus at the time of the trial there was no lien upon this property by virtue of either the attachment or the execution."

It follows that the interlocutory judgment should be reversed, with. costs, and the demurrer sustained, with costs.   All concur.