(42 Misc. Rep. 18.)

### V. G. PFLUKE CO. v. PAPULIAS.

(Supreme Court, Special Term, Jefferson County. November, 1903.)

1. ATTACHMENT—MOTION TO DISSOLVE—AFFIDAVITS.
   Property attached was sold by order of the court because perishable, and a judgment creditor moved to vacate the attachment, alleging facts showing a lien on the proceeds. *Held*, that the party resisting the motion could by affidavit controvert, explain, or extend the facts stated by the moving party.

2. SAME—SALE OF ATTACHED PROPERTY.
   Under Code Civ. Proc. § 682, the right of a judgment creditor to apply to vacate an attachment is limited to a time before actual application of the attached property or the proceeds thereof to the payment of the judgment recovered in the action; and where, in attachment, the property had been sold, and the proceeds applied towards the satisfaction of the judgment before the motion was made, it came too late.

Action by the V. G. Pfluke Company against Peter Papulias. Motion by Louis Limbres, as subsequent lienor, to vacate the attachment. Denied.

Rush F. Lewis, for the motion.
J. W. Watts, opposed.

ROGERS, J. On the 8th of July, 1903, I granted an attachment in this action against the property of the defendant. The warrant was executed by the sheriff of Herkimer county, who thereafter, pursuant to an order of the court, sold the attached property as being perishable, and held the proceeds thereof instead.

August 20, 1903, the plaintiff recovered judgment, which was entered in Oneida county. On the following day a transcript thereof was filed and docketed in Herkimer county, and execution was thereupon issued to the sheriff. He immediately paid to the plaintiff so much of the proceeds of said sale as then remained in his hands, less his fees and poundage. The amount so paid, however, was insufficient to satisfy said execution.

The facts stated in the last paragraph are shown by an affidavit read on behalf of the plaintiff on the hearing of the motion. July 14, 1903, the said Louis Limbres recovered a judgment in the Supreme Court against said defendant on a confession, which was entered and docketed in the office of the clerk of Herkimer county that day, and on the same day an execution was issued to the sheriff of said county, who, on or about August 12, 1903, duly levied upon the said money, being the aforesaid proceeds. August 17th I granted the said Limbres an order to show cause, returnable on the 22d of said month, why said attachment should not be vacated. In one of the affidavits upon which said order to show cause was granted it appeared that the summons and complaint in this action had been personally served upon the defendant, who had interposed an answer; and that on or about the 1st day of August a motion was made by the plaintiff to strike out the answer as frivolous and sham, and for judgment against the defendant; and that upon said motion the papers were taken by the court, and it was then undetermined, but a speedy decision had been promised. It is further stated in said affidavit that, "in case the said motion is granted, this plaintiff. will be able to obtain a judgment against the said defendant and to issue execution thereon, and to cause the said property and the proceeds thereof to be applied in satisfaction of the plaintiff's claim herein, after which it will be too late for the said Louis Limbres to move to vacate plaintiff's attachment herein," etc. There is nothing in the papers before me showing when, but for said sham and frivolous answer, the judgment would have been due and could have been entered.

Counsel for the motion insists that the proof of the striking out of the answer, entry of judgment, issue of execution and payment thereon to the plaintiff should not be received, because the motion to vacate is founded upon the original papers upon which the warrant was granted, pursuant to section 683 of the Code of Civil Procedure, and cites in support of his contention Steuben County Bank v. Alberger, 75 N. Y. 179. That case holds that the making of an affidavit to obtain an order to show cause, but alleging no facts assailing the attachment, does not authorize the reading of affidavits in support of the attachment; but it is not an authority to the effect that a party resisting the motion is precluded from showing that the party making the motion has no such standing as permits him to question the sufficiency of the papers on which the attachment was

issued. Here the moving party, to entitle himself to be heard at all, undertook to show that he had acquired a lien on the proceeds of the attached property and was in position to make an assault upon the attachment. Having done this, I do not see why the plaintiff, on the hearing of the motion, may not by affidavit controvert, explain, or extend the facts the moving party has so stated in his. It is in no sense a reading of fresh papers in support of the attachment itself, but a challenge of the right of the alleged subsequent lienor to intervene in the action. Delmore v. Owen, 44 Hun, 296; Selser Bros. Co. v. Potter Produce Co., 77 Hun, 313, 28 N. Y. Supp. 428; Tim v. Smith, 93 N. Y. 87. It seems to me there can be no doubt that the plaintiff's affidavit, showing the matters referred to, but in nowise aiding the original application for the attachment, may be read and considered now.

On a previous motion by another creditor I held the papers, upon which the attachment was issued, were insufficient, and, as against the party then moving, vacated it. Opinion on motion by Oscar Frommel and another, 85 N. Y. Supp. 541. To the conclusion there reached I must still adhere. Nevertheless, I think this motion must be denied. The attachment was issued out of a court having general jurisdiction, is presumed to have been upon sufficient papers (Pitts v. Scribner [Sup.] 19 N. Y. Supp. 519), and was good, doubtless, until vacated by a direct proceeding instituted for that purpose (Fischer v. Langbein, 103 N. Y. 84, 8 N. E. 251; People ex rel. Cauffman v. Van Buren, 136 N. Y. 252, 32 N. E. 775, 20 L. R. A. 446; Matter of Lenox, Corporation, 57 App. Div. 515, 68 N. Y. Supp. 103). The plaintiff recovered its judgment in due course, issued execution, and the sheriff applied the proceeds of the attached property in his hands toward its satisfaction before this motion was brought to a hearing. The attachment continued in force after judgment only for the purpose of giving effect to the lien acquired under it and existing when the judgment was rendered (Lynch v. Crary, 52 N. Y. 181; Peetsch v. Sommers, 31 App. Div. 255, 53 N. Y. Supp. 438); otherwise it had spent its force (Dunn v. Acker, Merrall & Andit, 26 Misc. Rep. 758, 56 N. Y. Supp. 1069; Schieb v. Baldwin, 22 How. Prac. 278). Before the present Code, a subsequent lienor could not be heard to say an attachment was not properly issued. Isham v. Ketchum, 46 Barb. 43. He must therefore bring himself within the provisions of the statute authorizing such intervention. His right to apply to vacate or modify the attachment is expressly limited to a "time before the actual application of the attached property, or the proceeds thereof, to the payment of a judgment recovered in the action." Code Civ. Proc. § 682. See, also, Market Nat. Bank v. Pacific Nat. Bank, 30 Hun, 51; Andrews v. Schofield, 27 App. Div. 91, 93, 50 N. Y. Supp. 132. The application "to vacate," it seems to me, is made when the party brings his motion to a hearing, and does not relate back to the time of service of his notice. Motion to vacate denied, but without costs.

Motion denied, without costs.