(109 App. Div. 675)

MARKS v. EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES et al.

(Supreme Court, Appellate Division, First Department. December 15, 1905.)

1. ATTACHMENT—JUDGMENT—MERGER.

An action to satisfy a judgment against defendant out of the proceeds of a life insurance policy issued to him is not an action in aid of the attachment, since the attachment was merged in the judgment for plaintiff and superseded by the execution issued thereon.

2. CREDITORS' SUIT—CONDITIONS PRECEDENT—EXHAUSTION OF LEGAL REMEDIES.

An action to satisfy a judgment against defendant out of the proceeds of a life insurance policy issued to him cannot be regarded as a creditors' action, where it appears from the complaint that execution on the judgment is still outstanding.

3. ATTACHMENT—PROPERTY SUBJECT—LIFE POLICY.

An assured's interest in an unmatured policy of life insurance cannot be reached by attachment, unless the policy has a cash surrender value at the time the attachment is issued.

4. EQUITY—ENFORCEMENT OF LIEN—COMPLAINT—SUFFICIENCY.

The complaint in an action to satisfy a judgment against defendant out of the proceeds of a life policy issued to him, and alleged to have been attached in the action in which the judgment was recovered, alleged the issuance of the policy, its attachment, and that it "at all times had a surrender value"; that by the policy the insurance company agreed to pay insured a certain sum on or about a day which was subsequent to the commencement of the action in question; that after the levy under the attachment insured purported to assign the policy; and that the assignee claimed to be the owner—and the relief demanded was that the policy be surrendered to the insurer, insured's interest determined, and the proceeds turned over to the parties entitled thereto. *Held,* that the complaint did not state a cause of action for relief in equity; the statement as to the surrender value being a conclusion of law, any amount due insured under the policy not having been due when the action was commenced, and it not appearing that the lien could not be enforced without the surrender of the policy, and the assignment being ineffectual against a proper attachment.

Appeal from Special Term, New York County.

Action by Simon Marks against the Equitable Life Assurance Society of the United States and others. From a judgment overruling a demurrer to the complaint, defendant life assurance society appeals. Reversed.

Argued before McLAUGHLIN, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

Wm. Lloyd Kitchel, for appellant.
Emanuel S. Cahn, for respondent.

McLAUGHLIN, J.    This action was brought by a judgment creditor of the defendant Meltsner for the purpose of satisfying a judgment against him out of the proceeds of a life insurance policy issued by the defendant insurance company and alleged to have been attached by the plaintiff in the action in which the judgment was recovered. The relief demanded is that the policy of insurance be surrendered to the insurance company, that the interest of the parties in said policy be determined, and that the amount of such interest be turned over to the parties respectively entitled thereto.

The material allegations of the complaint are, in substance, that in June, 1889, the insurance company issued to Meltsner an insurance policy, whereby, in consideration of the payment of certain premiums, it insured his life and promised and agreed to pay a certain sum to him on or about the 26th of June, 1904; that in January, 1893, in an action in the City Court of the city of New York, between the plaintiff and the defendant Meltsner, a warrant of attachment was issued against his property and delivered to the sheriff of the county of New York, who, on the day it was received, served a certified copy of it, together with the notice required by law, on the insurance company that the policy in question was attached; that all of the premiums on the policy have been paid to the insurance company ever since the policy was issued, and it was, at the time of the commencement of this action, in force and had a surrender value; that a transcript of the judgment recovered by the plaintiff against Meltsner in the action in the City Court was, on or about March 14, 1893, duly filed, and the judgment docketed in the office of the clerk of the county of New York; that on or about the 15th of November, 1899, an execution against the attached property of the defendant Meltsner was duly issued to the sheriff of the county of New York, out of the City Court, and that such execution is still outstanding and unsatisfied, and the judgment remains wholly unpaid; that prior to the commencement of this action, and after the levy under the warrant of attachment had been perfected, Meltsner purported to assign said policy of life insurance; that by virtue of said alleged assignment the defendant Rubenstein now claims to be the owner of the same; and that the policy is not now in the possession of the plaintiff, but is in the possession of the defendants. The insurance company demurred to the complaint upon two grounds: (1) That there was a defect of parties plaintiff, in that the sheriff had not been joined; and (2) that the complaint did not state facts sufficient to constitute a cause of action against it. The demurrer was overruled, and the insurance company has appealed.

The action is not in aid of the attachment, because that was merged in the judgment and superseded by the execution issued thereon. Barton v. Palmer Co., 87 App. Div. 35, 83 N. Y. Supp. 1041; Peetsch v. Sommers, 31 App. Div. 255, 53 N. Y. Supp. 438. Nor is it a judgment creditor's action, because the complaint shows that the execution is still outstanding. Barton v. Palmer Co., supra. It is, according to respondent's counsel's contention:

"An action to enforce a lien upon a chose in action by enforcing the surrender of the chose in action so that the lien may be effectual, not as the lien of an execution simply, but that of an attachment and a judgment and execution upon the attachment."

By this I suppose is meant that it is an action to compel the surrender of the policy, to the end that the lien which plaintiff has acquired by the attachment may be enforced. This seems also to have been the view of the learned justice sitting at Special Term.

If the lien which the plaintiff alleges he acquired by the attachment cannot be enforced until there has been an actual surrender of the policy, then an action in equity might be maintained. Mechanics' & Traders' Bank v. Dakin, 51 N. Y. 519; Macauley v. Smith, 132 N. Y. 524,

30 N. E. 997; People ex rel. Cauffman v. Van Buren, 136 N. Y. 252, 32 N. E. 775, 20 L. R. A. 446; Whitney v. Davis, 148 N. Y. 256, 42 N. E. 661. The complaint, however, if the action be thus considered, is defective, in that it does not allege, nor are facts stated from which it can be inferred, that the lien acquired by the attachment cannot be enforced without the surrender of the policy. It alleges that the insurance company agreed to pay a certain sum to Meltsner on or about June 26, 1904, and that the policy then, and ever since has, had a surrender value. There is not a suggestion that the policy has to be surrendered in order to get this sum, or that it must be actually delivered before its surrender value can be obtained. For aught that appears, an action might be maintained to recover the sum agreed to be paid or the surrender value without surrendering the policy. It may, however, be true that the policy must be actually surrendered to the insurance company before any amount can be received, whether it be considered the sum agreed to be paid or the surrender value; but, if that be so, plaintiff should allege that fact in his complaint. It cannot be inferred from the use of the words "surrender value" that it is necessary to physically surrender the policy itself.

In addition to this there are no allegations in the complaint to the effect that plaintiff has requested a surrender of the policy, or that the defendants or either of them have refused to surrender it, or to recognize his claim on it, other than what can be inferred from the allegation that, after the levy under the warrant of attachment was made, Meltsner purported to assign the policy, and that Rubenstein now claims to own it. The assignment subsequent to the attachment is not a ground for equitable relief, because the attachment, if good, was binding upon whatever claim Meltsner had and was an effectual lien thereon against all of the defendants, which lien Meltsner could not destroy by a pretended assignment, or in any other way, and the same could be enforced by appropriate action in aid of the attachment. It seems to be settled that the assured's interest in an unmatured policy of life insurance is not such as can be reached by attachment, unless the policy has, at the time the attachment is issued, a cash surrender value. · Columbia Bank v. Equitable Life Assurance Society, 79 App. Div. 601, 80 N. Y. Supp. 428. There is no allegation in this complaint to that effect. The only allegation in regard to the subject is that "said policy * * * at all said times had and now has a surrender value." The provisions of the policy are not pleaded, nor is the policy itself made a part of the complaint. Therefore the allegation that it had a surrender value is a conclusion of law which is not admitted by the demurrer. Facts should have been stated from which the court could see that the conclusion was properly drawn.

The complaint is also defective in that it does not appear from the facts stated that there was anything due or payable by the defendant insurance company at the time this action was commenced. If the attachment were effectual, then it created a lien upon any demands that Meltsner had against the insurance company by reason of the policy. The only demands alleged are a claim for the amount of the policy upon Meltsner's death, or a claim for the amount which the insurance company agreed to pay him about June 26, 1904, or a claim

for the surrender value. An action could not be maintained to enforce the first claim, because Meltsner is still alive; nor was anything due by reason of the second claim, because the action was commenced the 23d of June, 1904, and the insurance company did not agree to pay anything until June 26, 1904. The third claim—that the policy has a surrender value—is, as we have already seen, a conclusion of law.

For these reasons, therefore, it seems to me the complaint does not state a cause of action, and the judgment appealed from must be reversed, with costs, and the demurrer sustained with costs, with leave to the plaintiff to amend his complaint upon payment of costs in this court and in the court below. All concur; HOUGHTON, J., in result.