ALEXANDER C. CASTRIOTIS et al., Copartners under the Firm Name of A. C. CASTRIOTIS-KONTOS & Co., et al., Appellants, v. GUARANTY TRUST COMPANY OF NEW YORK, Respondent.

Attachment — judgment — sheriff's action in aid of execution — pleading — when complaint states facts sufficient to constitute cause of action.

A sheriff, subject to the order of the court, may collect and receive all debts, effects and things in action attached by him and may maintain any action or special proceeding, which is necessary, to reduce to his actual possession an article of personal property, capable of manual delivery, but of which he has been unable to obtain possession, and where a complaint, in such an action, brought by the sheriff and the judgment creditor, alleges that an attachment was issued and levied upon the judgment debtor's interest in a warehouse receipt for merchandise, which receipt was not capable of manual delivery or subject to be taken into actual custody by the sheriff; that a judgment was thereafter obtained and the execution issued thereon returned wholly unsatisfied; that the value of such interest was in excess of the amount of such judgment; that the warehouse receipt was held by the defendant, a third party, who refused to surrender it or to account for its proceeds, such complaint states facts sufficient to constitute a cause of action, and a demurrer thereto cannot be sustained. (Code Civ. Pro. §§ 655, 708, subd. 4, 1871, 3343.)

*Castriotis* v. *Guaranty Trust Co.*, 190 App. Div. 938, reversed.

(Argued April 12, 1920; decided June 1, 1920.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 23, 1920, which affirmed an order of Special Term denying a motion to overrule a demurrer to the amended complaint and for judgment on the pleading and sustaining said demurrer.

The Appellate Division certifies the following question: " Does the amended complaint state facts herein sufficient to constitute a cause of action? "

The complaint sets forth the following: The copartnership of A. C. Castriotis-Kontos & Co., whose members

are two of the plaintiffs in this action, on June 29, 1918, obtained a warrant of attachment against George B. Chryssomallos in the Supreme Court, New York county. The other plaintiff is the sheriff of the county of New York.

The defendant then had in its possession a warehouse receipt, dated April 12, 1918, issued by the trustees of the estate of William Beard for 520 bales of tobacco, which arrived at the port of New York in February, 1918, in which warehouse receipt and in the tobacco represented thereby, Chryssomallos had an interest subject to the defendant's lien. The value of such interest was in excess of $5,000.

The complaint alleges that because of the defendant's lien on the warehouse receipt and on the 520 bales of tobacco the warehouse receipt was not capable of manual delivery or subject to be taken into actual custody by the sheriff of the county of New York.

On the 29th day of June, 1918, and on the 23d day of July, 1918, the plaintiff sheriff by virtue of the warrant of attachment levied upon the interest of Chryssomallos with due notice to the defendant. On October 9, 1918, the plaintiffs obtained a judgment against said Chryssomallos in the said action for $4,305.54, and execution was duly issued against the defendant in that action and against the attached property to the sheriff of the county of New York, which execution has been returned wholly unsatisfied.

To this complaint the defendant demurred upon the ground that the complaint did not state facts sufficient to constitute a cause of action and a motion was made by the plaintiffs for a judgment overruling the demurrer and for judgment on the pleadings. . This motion was denied and the demurrer sustained and judgment thereon ordered in favor of the defendant with leave to the plaintiffs to amend.

Appeal was taken by the plaintiffs to the Appellate

Division, which, by a divided court, affirmed the order appealed from with like leave to the plaintiffs to amend and the appeal now before us is from this order and the question to be answered is the one heretofore stated.

Such further facts as are necessary or material will appear in the opinion.

*Lawrence E. Brown* and *Emilie M. Bullowa* for appellants. Subdivision 2 of section 655 of the Code of Civil Procedure expressly permits the maintenance of an action by the sheriff and a judgment creditor in aid of an attachment after the entry of judgment and the return of an execution in the attachment action. (*Trotter* v. *Lisman,* 199 N. Y. 497; *Amberg* v. *M. L. Ins. Co.,* 32 Misc. Rep. 89; *Whitney* v. *Davis,* 148 N. Y. 256; *Butcher* v. *Pearson,* 43 App. Div. 256; *Arkenburgh* v. *Arkenburgh,* 114 App. Div. 431; 188 N. Y. 552.) The lien of attachment is not exhausted by the return of the execution, but continues in force to enable the sheriff and the judgment creditor to collect the attached assets in a creditor's action under subdivision 2 of section 655 of the Code of Civil Procedure. (*Peetsch* v. *Sommers,* 31 App. Div. 255; *Barton* v. *Palmer,* 87 App. Div. 35; *Lynch* v. *Crary,* 52 N. Y. 181; *Arkenburgh* v. *Arkenburgh,* 114 App. Div. 436; 188 N. Y. 552; *Webb* v. *Bailey,* 54 N. Y. 164.)

*D. C. Mellen* and *Frank M. Patterson* for respondent. The action was brought too late. No action in aid of an attachment can be brought after judgment in the attachment action and the issuance and return wholly unsatisfied of an execution thereon against the property attached. (*Lynch* v. *Crary,* 52 N. Y. 181; *Peetsch* v. *Sommers,* 31 App. Div. 253; *Barton* v. *Palmer,* 87 App. Div. 35; *Backus* v. *Kimball,* 62 Hun, 122; *Whitney* v. *Davis,* 88 Hun, 168; 148 N. Y. 256; *Harding* v. *Elliott,* 91 Hun, 502; *Amberg* v. *Manhattan Life Ins. Co.,* 171 N. Y. 314; *C. C. Bank* v. *Parent,* 134 N. Y. 527; *Logan* v. *Greenwich Trust*

*Co.*, 144 App. Div. 372; 203 N. Y. 611; *Grifenhagen* v. *Whilden & Hancock*, 168 App. Div. 912; 221 N. Y. 726; *McNelus* v. *Stillman*, 172 App. Div. 307; *Reggi Bros. Co.*, v. *Bank of Barcelona*, 187 App. Div. 213.)

ELKUS, J.  The defendant, notwithstanding the levy and attachment, refused to pay over or deliver the interest of said Chryssomallos in the warehouse receipt to the sheriff and sold the tobacco, delivered the warehouse receipt and refused to account to the sheriff for the interest of Chryssomallos, which exceeded $5,000.

The plaintiffs seek by this suit to reach an equitable asset of Chryssomallos, namely, an interest in a warehouse receipt for tobacco and the right to compel an accounting therefor.   It is claimed that this is one of those cases where an attachment debtor has assets which cannot be reached by execution, but only through an action similar to a creditor's bill.

The decision whether the instant action may be maintained turns upon the construction of subdivisions 1 and 2 of section 655 of the Code of Civil Procedure, supplemented by subdivision 4 of section 708 of the Code of Civil Procedure.

Subdivision 1 of section 655 directs the sheriff, subject to the order of the court, to collect and receive all debts, effects and things in action, attached by him.  He may " maintain any action or special proceeding, in his name, or in the name of the defendant, which is necessary, for that purpose, or to reduce to his actual possession an article of personal property, capable of manual delivery, but of which he has been unable to obtain possession."

Subdivision 2 of section 655, as amended by chapter 504 of the Laws of 1899, provides that where a summons was served either without the state or by publication and where a defendant has not appeared but defaulted, before entering final judgment, the sheriff may in aid of the attachment maintain an action against the judgment

debtor or other persons to compel discovery of property belonging to the judgment debtor and the sheriff may " *in aid of such attachment, also maintain any other action against the attachment debtor and any other person or persons, or against any other person or persons, which may now be maintained by a judgment creditor in a court of equity, either before the return of an execution in aid thereof, or after the return of an execution unsatisfied.*"

The property attached, the interest which the attachment debtor Chryssomallos had in the warehouse receipt, subject to the lien of the defendant, was a chose in action and not, therefore, collectible under an execution. It was an outstanding right in Chryssomallos to an accounting from the defendant. It was a right to his share of the proceeds of the tobacco represented by a warehouse receipt subject only to the lien of the defendant. The defendant had possession of the bill of lading because the tobacco had been consigned to it by Chryssomallos and the possession of this bill of lading as consignee gave it the right to receive the tobacco and also a lien upon it for such sum as was due the defendant. The consignor, the attachment debtor, retained a right to an accounting from his consignee and this was the interest of the attachment debtor in the tobacco. The tobacco after it was received and stored was represented by the warehouse receipt and Chryssomallos' interest was represented by his interest in this warehouse receipt, subject, of course, to the defendant's lien. The right to an accounting for the proceeds of the tobacco upon its sale was an equitable right and it was this asset which was attached in the action brought by the plaintiffs against Chryssomallos. This asset could not be reached under an execution except by proceedings or suit in the nature of a creditor's bill and as a basis for this an execution would have to issue upon a judgment and be returned unsatisfied as a necessary preliminary.

This chose in action the sheriff duly attached in the original action by the judgment creditors, the plaintiffs

herein.   While this attachment was in force and before
judgment was entered, the sheriff had full authority to
reduce this chose in action to his possession and to main-
tain any action necessary for that purpose under the
authority granted to him by subdivision 1 of section 655
of the Code of Civil Procedure.   If this view be correct,
there was no necessity for the entry of the judgment,
execution being issued and returned unsatisfied.   The
sheriff was entitled to proceed without a judgment and
return of execution.

Section 708, subdivision 4, of the Code provides that
" Until the judgment is paid, he (*the sheriff*) may collect
the debts and other things in action attached, and prose-
cute any undertaking, which he has taken in the course of
the proceedings, and apply the proceeds thereof to the
payment of the judgment."

The allegations as to judgment being obtained and exe-
cution issued, therefore, seem unnecessary, and an appeal
to the authority of subdivision 2 of section 655 is needless,
but if the authority which is apparently granted under
subdivision 1 is not sufficient it may be found in sub-
division 2 of section 655.

In considering this question and the facts of this case,
it should be borne in mind that section 708, subdivisions
3 and 4 and subdivisions 7 and 9, of the Code of Civil
Procedure especially provide *and it has been decided* that
an attachment merges in the execution, yet it is specific-
ally provided that the warrant of attachment is not
annulled until the judgment is paid.   It remains alive
and in force so that it may take property or keep alive the
lien on the property.   (*Lynch* v. *Crary*, 52 N. Y. 181; Code
Civ. Pro. § 3343, subds. 2, 12.)

In examining subdivision 2 of section 655, we find it has
been differently construed by decisions of different Appel-
late Divisions.   One decision construes the subdivision to
mean that two distinct remedies are provided in aid of an
attachment, the first an action in aid of the attachment to

compel a discovery or prevent a transfer and the second a creditor's action in aid of a warrant of attachment. (*Barton* v. *Palmer Co.*, 87 App. Div. 35; *Peetsch* v. *Sommers*, 31 App. Div. 255.) The second provides that the sheriff after the judgment has been entered in an action in which an attachment has been granted, either before or after the execution has been returned unsatisfied, may maintain any action which might have been maintained by the judgment creditor. (*Arkenburgh* v. *Arkenburgh*, 114 App. Div. 436.)

The second provision in subdivision 2 of section 655 is entirely independent of the first provision and is not limited by anything which precedes it. This is indicated by the use of the word " also " before the word " maintain " and the words " any other " before the word " action." What seems to have been intended by the legislature was to authorize the sheriff to maintain any action of any kind resides those which had been specified in the first portion of the subdivision that a judgment creditor could maintain. " The term,' judgment creditor,' signifies the person entitled to collect, or otherwise enforce, in his own right, the judgment for a sum of money, or directing the payment of a sum of money." (Code of Civil Procedure, section 3343, subdivision 13.) A judgment creditor's action is an action brought by such creditor to aid the collection of a judgment for a sum of money, or directing the payment of a sum of money. (Code of Civil Procedure, section 3343.) When an execution against property of a judgment debtor has been returned wholly or partly unsatisfied the judgment creditor may maintain an action against the judgment debtor and any other person to compel discovery, to prevent the transfer or payment or delivery to the debtor or any other person to procure satisfaction of the plaintiff's demand. (Code of Civil Procedure, section 1871.) A creditor to obtain equitable relief must first have exhausted his legal remedies by the recovery of judgment and the return of execu-

tion unsatisfied.   (*Trotter* v. *Lisman,* 199 N. Y. 497, 501.)

*Whitney* v. *Davis* (148 N. Y. 256, 262) was an action brought under the first portion of subdivision 2.   There had been no default and no judgment and there this court held the action was premature because there was not a default as yet in the action.   Judge GRAY, first referring to the first portion of subdivision 2 of section 655, and its purposes, said: " The balance of the section gives to the sheriff the same right to maintain any other action in aid of the attachment, which might be maintained by a judgment creditor in a court of equity, either before or after the return of an execution."

Justice WILLARD BARTLETT, in *Butcher* v. *Pearson* (43 App. Div. 468, 470), speaking of this same subdivision, says:   " The same subdivision also authorizes the sheriff to maintain any action in aid of the attachment which may be maintained by a judgment creditor in a court of equity, either before or after the execution has been returned."

*Arkenburgh* v. *Arkenburgh* (114 App. Div. 436; affd., 188 N. Y. 552) passed upon this same provision to the same effect.

The Appellate Division in the instant case held that the complaint was insufficient upon the authority of *Peetsch* v. *Sommers* (31 App. Div. 255); *Barton* v. *Palmer Co.* (87 App. Div. 35), holding in effect that the action could not be maintained under subdivision 2 of section 655 after judgment had been entered in the attachment action and execution returned, because those cases decided that the lien of the attachment was then exhausted.

These two cases upon which the Appellate Division relied were based upon the decision of this court in *Lynch* v. *Crary* (52 N. Y. 181).   The head note in that case reads: " The power to levy by virtue of an attachment does not survive the recovery of judgment in the action,

and no new right or interest in the property of the defendant can be thereafter acquired under it." That is to say, the writ of attachment being a preliminary writ and, therefore, inferior to the execution, when the execution issues, the attachment merges in the execution. In the opinion of Judge ANDREWS in that case, however, the following appears: " The attachment is not discharged by the entry of judgment against the defendant, but is operative thereafter to hold the lien acquired thereby until execution issues, and to enable the sheriff to repossess himself of the property attached which may have passed from his possession, and to collect and convert the equitable assets upon which it has 'been levied. The remedy for the enforcement of the judgment is by execution, and by proceedings based upon it; and the attachment continues in force after judgment only for the purpose of giving effect to the lien acquired under it, and existing when the judgment was rendered." (p. 184.)

When the *Lynch* case was decided the Code amendment of 1889 to section 655 was not in existence. The *Lynch* case is not inconsistent with the collection and conversion by the sheriff of the assets of a judgment debtor by any proper proceedings based upon execution and I am, therefore, of the opinion that subdivision 2 authorizes the bringing of this action if subdivision 1 does not.

It is contended that the attachment should not have been against the warehouse receipt, but against the tobacco. It is said that there is no allegation of fact showing that the warehouse receipt or the tobacco represented thereby could not have been taken by the sheriff into his actual possession at the time of the service on the defendant of a copy of the warrant. The nature of the property attached is set forth in the complaint. It was not the 520 bales of tobacco because that had been consigned to the defendant and title had passed out of Chryssomallos. The attached property was the interest of Chryssomallos in the warehouse receipt, which was in

the possession of the defendant, subject to its lien. This interest was intangible personal property subject to attachment, a chose in action, an equitable asset not capable of manual delivery because, among other reasons, of the defendant's lien, but subject to levy in the manner prescribed by section 649, subdivision 3, of the Code, by leaving a certified copy of the attachment with the person holding the property with a notice specifying the property levied upon. This was alleged to have been done.

The complaint contains allegations as to the manner in which the attachment was served and levy made upon the interest of the attachment debtor, and also it is alleged that at the time of the issuance and service upon the defendant of the warrant of attachment, the attachment debtor had an interest subject to the defendant's lien thereon in excess of $5,000. These allegations substantially show that the defendant had a lien on the warehouse receipt prior to the interest of the judgment debtor at the time of the issuance and service upon the defendant of the warrant of attachment. The defendant was the consignee of the tobacco and had a right to its possession. It had stored it and had obtained a warehouse receipt therefor. The attachment debtor had only an unliquidated, intangible interest consisting of a right to compel an accounting of the proceeds of the sale of the tobacco after the payment of the defendant's lien, and such an interest was incapable of manual delivery. (*Warner* v. *Fourth National Bank*, 115 N. Y. 251; Code of Civil Procedure, sec. 649, subd. 3.)

It is claimed that section 110 of the General Business Law (Cons. Laws, ch. 20) provides that where goods are delivered to a warehouseman and a negotiable receipt is issued for them, only in such case are they free from attachment or levy under execution and that as the complaint in this case does not allege that the warehouse receipt held by the defendant was negotiable the complaint is, therefore, defective. This provision as to

negotiability is for the protection of the .warehouseman; that is, where he delivers a receipt which is negotiable he is not required to deliver the merchandise represented by the receipt until the receipt is returned to him, because of its negotiability, and the point is of no effect.

The question submitted by the Appellate Division is answered in the affirmative. The complaint states facts sufficient to constitute a cause of action.

The orders appealed from should be reversed, with costs in all courts, and question certified answered in the affirmative, with leave to defendant to withdraw demurrer and plead over within twenty days upon payment of costs.

Hogan and Crane, JJ., concur; Cardozo, J., concurs in opinion except in so far as it discusses the construction and effect of subdivision 2, section 655 of the Code of Civil Procedure, and Chase, J., concurs in result; Hiscock, Ch. J., and McLaughlin, J., dissent.

Ordered accordingly.