MANUEL MONSANTO and CHARLES W. CULKIN, the Latter as
    Sheriff of New York County, in Their Own Rights and Also in
    in the Name of UNITED SILK MILLS, INC., Plaintiffs, v. HENRY
    M. HUBSHMAN and Another, Copartners, Doing Business under
    the Name of H. M. HUBSHMAN & BRO., Defendants.

Supreme Court, New York County, June 22, 1927.

**Attachment — action in aid of attachment under Civil Practice Act,
§ 922, subd. 1 — original action against foreign corporation — present
defendant indebted to original defendant — not necessary to allege
default in original action or entry of judgment.**

This is an action instituted under subdivision 1 of section 922 of the Civil Practice
    Act in aid of an attachment in an action against a foreign corporation. One
    of the plaintiffs, the sheriff of New York county, attached and levied upon an
    indebtedness due from the defendants to the defendant in the original action.
    It was not necessary to allege in the complaint herein that the defendant in
    the original action defaulted or that a judgment had been entered therein, for
    under subdivision 1 of section 922 default and entry of judgment are not
    conditions precedent to a right to maintain this action.

MOTION to dismiss the complaint for insufficiency.

*J. Julian Tashof* [*Copal Mintz* of counsel], for the plaintiffs.

*Bondy & Schloss*, for the defendants.

LEVY, J. The pleading alleges that the defendants are indebted
to United Silk Mills, Inc., a New Jersey corporation; that plaintiff
Culkin, as sheriff of New York county, pursuant to a warrant of
attachment duly issued in an action commenced by plaintiff
Monsanto against United Silk Mills, Inc., attached and levied upon
said indebtedness and duly demanded of defendants that they pay
over to him the amount they owe to United Silk Mills, Inc., which
the defendants have refused to do; that thereafter an order was
made by this court authorizing the commencement of this action
against such defendants for the recovery of said indebtedness. The
defendants point out that the complaint fails to allege that the
summons in the attachment suit was served without the State or
by publication; that the defendant in that action has failed to
appear; that said defendant is in default, or that any judgment
has been entered therein. Accordingly, defendants argue that the
pleading fails to state sufficient facts to permit the bringing of this
action under section 922, subdivision 2, of the Civil Practice Act.
The difficulty with this, however, is that the action appears to have
been brought under subdivision 1 of that section.

Prior to 1889, section 655 of the Code of Civil Procedure, the
predecessor of section 922 of the Civil Practice Act, consisted merely
of what is now the 1st subdivision of section 922, reading as

follows: "Actions and special proceedings by sheriff. 1. The sheriff, subject to the direction of the court or judge, must collect and receive all debts, effects and things in action, attached by him. He may maintain any action or special proceeding, in his name or in the name of the defendant, which is necessary for that purpose or to reduce to his actual possession an article of personal property, capable of manual delivery, but of which he has been unable to obtain possession. He may discontinue such an action or special proceeding at such time and on such terms as the court or judge directs."

As the Court of Appeals pointed out in *Whitney* v. *Davis* (148 N. Y. 256, 259), " there was no way," under this subdivision, " in which an action upon a money demand against a non-resident debtor, who had not appeared, could be brought to judgment; if the attachment issued therein had not been levied upon property of the debtor. That was an essential prerequisite to the entry of judgment upon default. (Code, sections 1216, 1217.) "

Where, for example, property of the non-resident defendant had been conveyed away by him, no levy of the attachment against his property was possible, and hence no judgment could be entered if the defendant chose not to appear. There was no authority for the plaintiff to sue in equity to set aside such a transfer under any Code provision, and equity would not permit it except under special circumstances, since the judgment adjudicating the existence of a valid demand on the part of the plaintiff was necessary before such an action could be brought. It was to remedy this situation, obviously, that subdivision 2 was amended in 1889 by chapter 504 reading as follows:

" 2. Where the summons was served without the State, or by publication, pursuant to an order obtained for that purpose, as prescribed in chapter fifth of this act; and where the defendant has not appeared in the action (otherwise than specially) but has made default and before entering final judgment, the sheriff may, in aid of said attachment, maintain an action against the attachment debtor, and any other person or persons, or against any other person or persons to compel the discovery of any thing in action, or other property belonging to the attachment debtor; and of any money, thing in action, or other property due to him, or held in trust for him, or to prevent the transfer thereof, or the payment or delivery thereof, to him or any other person, and the sheriff may, in aid of said attachment, also may maintain any other action against the attachment debtor and any other person or persons, or against any other person or persons, which may now be maintained by a judgment creditor in a court of equity, either before the return of an execution in aid thereof, or after the return of an execution unsatis-

fied. The judgment in any of the above-mentioned actions must provide and direct that the said property shall be applied by the sheriff, to the satisfaction of any judgment which the plaintiff may obtain in the attachment action."

This subdivision gives the plaintiff the remedies of discovery, injunction, and such other actions as might be maintained by a judgment creditor, and it is applicable only " Where the summons was served without the State, or by publication, pursuant to an order obtained for that purpose, as prescribed in chapter fifth of this act; and where the defendant has not appeared in the action (otherwise than specially) but has made default," which must occur before the entry of final judgment. There is nothing in the language of subdivision 2 or in the history of its enactment to warrant the conclusion that it was intended to take away any of the rights and remedies afforded by subdivision 1 which permits the sheriff to " collect and receive all debts, effects and things in action, attached by him," without prescribing any conditions as to the time when such an action must be brought, or otherwise. On the contrary, it was clearly meant to furnish additional modes of relief. It was held in *Davidson* v. *Chatham National Bank* (32 Hun, 138) that under that subdivision the sheriff need not wait for judgment in the attachment action, but might immediately proceed to collect the debt attached. Indeed, the court there pointed out that the sheriff might incur a serious responsibility if the attachment debtor failed between the time of the attachment and the entry of judgment. True it is that in the case of *Riggi Bros. Co.* v. *Bank of Barcelona* (187 App. Div. 213) the language of the opinion is susceptible of the interpretation that no action under either subdivision of section 655 of the Code of Civil Procedure could be brought until the defendant in the attachment suit had made default, but the case was one in which an injunction was sought, and, therefore, it clearly fell within the language of subdivision 2 and not subdivision 1. Moreover, in the later case of *Castriotis* v. *Guaranty Trust Co. of New York* (229 N. Y. 74) the Court of Appeals definitely stated that under subdivision 1 an action in aid of the attachment might be brought even before judgment was entered in the attachment action. The court said (at pp. 78, 79): " This chose in action the sheriff duly attached in the original action by the judgment creditors, the plaintiffs herein. While this attachment was in force and before judgment was entered, the sheriff had full authority to reduce this chose in action to his possession and to maintain any action necessary for that purpose under the authority granted to him by subdivision 1 of section 655 of the Code of Civil Procedure. If this view be correct, there was no necessity for the entry of the judgment, execution being issued and returned unsatisfied. The

sheriff was entitled to proceed without a judgment and return of execution."

It is significant that the *Riggi* case was cited in the brief of the respondent in the *Castriotis* case, and that the Court of Appeals nevertheless reversed the order which sustained the demurrer to the complaint. It would seem clear, therefore, that in so far as the language employed in the *Riggi* case could be regarded as requiring a default by the defendant in the attachment suit as a condition precedent to the bringing of an action by the sheriff in aid of the attachment under section 655, subdivision 1, of the Code, it may be said to be too broad. It may not be amiss in this connection to point out that the provisions of section 943 of the Civil Practice Act appear to support the distinction drawn between actions under subdivision 1 and those under subdivision 2, as each of these provisions is treated as separate and independent in that section.

As the complaint here is sufficient under the provisions of subdivision 1 of section 922 of the Civil Practice Act, and as there is no allegation which would even tend to indicate that it was predicated on the provisions of subdivision 2, it must be evident that it states a good cause of action. The motion is, therefore, denied.