McCARTHY, Plaintiff, *v.*
FARLEY, etc., Defendant.

Supreme Court, New York County, July 5, 1931.

*Boris Komar* [*L. P. Eisner* of counsel], for the plaintiff.

*John Caldwell Myers* [*Samson Selig* of counsel], for the defendant.

SHIENTAG, J. 1. The sheriff made a proper levy pursuant to the Friede attachment. Failure to enter the levy in the sheriff's book did not destroy the validity of the lien. It obtained priority because its delivery to the sheriff antedated the delivery of plaintiff's execution. (Civ. Prac. Act, §§ 680, 960.) It became complete when service was effected on the bank. It may not be successfully attacked because the depository did not return a certificate to the sheriff. (*Prahl Construction Corp.* v. *Jeffs*, 126 Misc. 802, 804; *Korytkowsky* v. *Greniewicki*, 220 App. Div. 237, 239.) 2. The doctrine of dormancy urged by the plaintiff does not apply to attachments. (*M. & T. Bank* v. *Dakin*, 51 N. Y. 519, 523; *Van Camp* v. *Searle*, 147 id. 150, 160; *Castriotis* v. *Guaranty Trust Co.*, 229 id. 74; Kneeland Attachments, 443, 444.) Moreover, the decision of Mr. Justice INGRAHAM, affirmed by the Appellate Division, determined that dormancy had no application. In any event, the doctrine of dormancy may not be invoked here. Failure to proceed after delivering the attachment is not sufficient to destroy the lien. Constructive fraud or estoppel, which in the final analysis is the principle underlying dormancy, may not be spelled out of mere inactivity. Especially is this true where the

inactivity was not the result of instructions given by the attaching creditor or some action on his part staying further proceedings, but was unintentional and caused by ignorance of the fact that the lien of the attachment had been made effective. This is so even in the case of executions. (*Herkimer County Bank* v. *Brown*, 6 Hill, 232; *Matter of Pond*, 21 Misc. 114, 118.) Attachment is a statutory remedy and may be destroyed only in the manner prescribed by statute. (*Lynch* v. *Crary*, 52 N. Y. 181; *Prentiss* v. *Greene*, 193 App. Div. 672; *Castriot's* v. *Guaranty Trust Co.*, 229 N. Y. 74; Civ. Prac. Act, §§ 948–959.) Friede's attachment was not annulled by any act done or any proceeding taken in this case. As I interpret its ruling, nothing to the contrary was decided by the Court of Appeals when the case was before it on a motion to dismiss the complaint. Judgment is, therefore, directed for defendant dismissing the complaint, together with costs. Settle order on notice.